[No. 2,785.]

## EX PARTE McLAUGHLIN.

DISCHARGE OF A JURY IN A CRIMINAL CASE.—The discharge of the jury, impaneled in a criminal case, without the consent of the defendant, because, after mature deliberation, they are unable to agree on a verdict, is not an acquittal of the defendant, and does not entitle him to immunity from further prosecution for the same offense.

REVIEW OF CRIMINAL CASE IN APPELLATE COURT.—The action of the
Court in discharging a jury in a criminal case, because of its inability to
agree on a verdict, is subject to review by the appellate Court.

HABEAS CORPUS.—A prisoner, confined on a criminal charge, is not entitled
to his discharge on habeas corpus, because a jury impaneled to try him
was discharged by the Court, without his consent, by reason of its inability
to agree on a verdict.

WHAT CANNOT BE TRIED ON HABEAS CORPUS.—Neither a Court nor Judge
will, on habeas corpus, investigate or decide the question whether a jury
impaneled to try the prisoner was properly or legally discharged by the
Court, because of its inability to agree on a verdict.

ADMISSION TO BAIL.—Case stated why a prisoner charged with a capital
offense was admitted to bail.

THE facts are stated in the opinion.

*Coffroth & Spaulding*, for Petitioner.


By the Court, SPRAGUE, J.:

Original writ of habeas corpus issued out of Supreme
Court, and heard at chambers before Justices SPRAGUE,
WALLACE, and TEMPLE.

The facts, as presented by the petition of the applicant
and the return to the writ of the officer having him in cus-
tody, are substantially as follows: At the July term, 1870,
of the County Court for Sacramento County, the applicant
was indicted, by a Grand Jury impaneled by said Court, for
the alleged crime of murder. Upon the presentation of the
indictment, a bench warrant was issued by the said County
Court, upon which applicant was arrested, and by the Sheriff
of Sacramento County held in custody to answer the indict-
ment in the District Court of said county; and afterwards,
on the seventh day of February, at the February term,
1871, of the District Court for Sacramento County, said
indictment was called for hearing, and petitioner, under the
same, was placed upon his trial before a legally organized
trial jury, duly charged with his case. On the tenth day of
February, the evidence on behalf of the State and the peti-

tioner having been fully presented to the Court and jury, and arguments of counsel on both sides closed, the cause was submitted to the jury at the hour of four o'clock P. M. of said day, and they retired to deliberate upon their verdict, in charge of an officer, and continued their deliberations until eleven o'clock A. M. of the twelfth of February, when the jury returned into Court in charge of the officer—the petitioner, with his counsel, being present—stated their inability to agree, and asked to be discharged from further consideration of the case, to which the petitioner and his counsel objected, and insisted that the jury should again retire for further deliberation; and thereupon the Court caused an order to be entered in its minutes reciting the facts substantially as above; and further, that "the Court, being fully satisfied that there is no possibility of said jury agreeing upon a verdict," discharged the jury and remanded the prisoner to the custody of the Sheriff, who now holds him in custody for retrial.

Upon this state of facts it is claimed for petitioner that he is illegally restrained of his liberty; that the discharge of the jury having his case in charge, against his objections, upon the sole ground of their inability to agree upon a verdict, is equivalent to an acquittal, and that he cannot legally be held to further answer this or any other indictment for the same offense. It is conceded on the part of counsel for petitioner (and such is the almost uniform current of authorities in England and the United States) that the discharge of the jury in a criminal case without verdict, from a legal necessity resulting from physical causes beyond the control of the Court, does not bar a retrial of the defendant upon the same indictment at the same or a subsequent term of the Court. But it is contended that the discharge of a jury without verdict, against the objections of defendant, any considerable time in advance of the close of the term of Court, upon the sole ground that the jury, after mature deliberation,

report their inability to agree upon a verdict, is a discharge without legal cause, and entitles petitioner to a release from custody and perpetual immunity from further prosecution for the same offense, by virtue of section eight, Article I, of our State Constitution.

The question thus presented is one of paramount importance in the practical administration of criminal law. It has been the uniform practice in this State, since the organization of our judicial system, in all our Courts of criminal jurisdiction, to recognize as valid the authority conferred upon the trial Court by the four hundred and thirty-ninth, four hundred and fortieth, and four hundred and forty-first sections of the Act of April 20th, 1850, "to regulate proceedings in criminal cases," which sections were verbatim incorporated as sections four hundred and nine, four hundred and ten, and four hundred and eleven of the Act of May 1st, 1851, "to regulate proceedings in criminal cases," and are still in force. (Stats. 1851, p. 256.)

These sections are as follows: Section four hundred and nine—"If, after the retirement of the jury, one of them be taken so sick as to prevent the continuance, or any other accident or cause occur to prevent their being kept for deliberation, the jury may be discharged." Section four hundred and ten—"Except as provided in the last section the jury shall not be discharged after the cause is submitted to them, until they have agreed upon their verdict, and rendered it in open Court, unless by consent of both parties, entered upon the minutes, or unless at the expiration of such time as the Court shall deem proper, it satisfactorily appear that there is no reasonable probability that the jury can agree." Section four hundred and eleven—"In all cases where a jury are discharged, or prevented from giving a verdict, by reason of any accident or other cause, except when the defendant is discharged from the indictment during the progress of the trial, or after the cause is submitted to

them, the cause may be again tried at the same or another term."

From these sections it is clearly manifest that the Legislature has conferred upon the trial Court the power to discharge a jury impaneled, sworn, and charged with the cause in a criminal prosecution, whenever it shall satisfactorily appear to the Court that such jury have deliberated upon a verdict a reasonable and proper length of time, without being able to agree, and the Court is satisfied that there is no reasonable probability that they can agree upon a verdict in the case, and has not recognized such discharge as a bar to further prosecution for the same offense.

This presents the grave question whether this statute and the uniform practice of our Courts for more than twenty years are in contravention of that provision of our State Constitution which protects a person from twice being put in jeopardy for the same offense.

A provision similar to this is contained in the organic law of nearly all the States of the Union, and in the Federal Constitution; and the question now under consideration has engaged the attention of the highest judicial tribunals of very many States, and of the Supreme Court of the United States, where the principles involved have been so thoroughly examined and discussed as to render it unnecessary for me to enter upon any reëxamination of the same, further than to refer to some of the more prominent cases, where the question has been decided, and state my conclusions therefrom.

Assuming, then, the position as stated in *People* v. *Webb*, 38 Cal. 467, that " a person once placed upon his trial before a competent Court and jury charged with his case, upon a valid indictment, is in jeopardy in the sense of our Constitution, unless such jury be discharged without rendering a verdict from a legal necessity, or for cause beyond the control of the Court," or with the consent of defendant, the

point of inquiry is whether the inability of the jury to agree upon a verdict after deliberating thereon for such length of time as when considered with other circumstances surrounding the case within the knowledge of the Court, shall satisfy the Court "that there is no reasonable probability that the jury can agree," constitutes such "legal necessity" as that a discharge of the jury, by reason of its existence, will pretermit the jeopardy as effectually as would a discharge from "legal necessity"—evidenced by physical facts alone, such as death of a juror, the serious illness or insanity of defendant, the Court, or some member of the jury.

Upon this point the authorities furnished by adjudicated cases in our sister States largely preponderate in the affirmative, among the most prominent of which are: *Commonwealth* v. *Purchase*, 2 Pick. 520; *People* v. *Goodwin*, 18 Johns. N. Y. 187; *Hoffman* v. *The State*, 20 Maryland R. 425; *State* v. *Upkeke*, 4 Harr. Del. 581; *State* v. *McKee*, 1 Balley, S. C. 655; *Wellford* v. *State*, 23 Geo. R. 1; *State* v. *Barnett*, 35 Ala. R. 406, substantially overruling the case of *Ned* v. *State*, 7 Porter, 210, and other cases previously decided in the same State and holding the opposite view; *Price* v. *State*, 36 Miss. R. 533; *Dobbins* v. *State*, 14 Ohio St. R. 493; *State* v. *Walker*, 26 Ind. R. 346; and *State* v. *Nelson*, 26 Ind. R. 366, overruling the case of *State* v. *Miller*, 8 Ind. R. 326, and other cases in the same Court holding contrary doctrine upon this point.

Opposed to the above authorities upon the point in hand, I have been able to find but four States, viz: Pennsylvania, Virginia, North Carolina, and Tennessee; and the Courts of Pennsylvania and Virginia hold the affirmative in all criminal prosecutions for offenses less than capital felonies. (See *Commonwealth* v. *Cook*, 6 Serg. & R., Pa. 577; *Commonwealth* v. *Clin*, 3 Rawle, Pa. 498; *McCreery* v. *State*, 29 Pa. R. 383; *Williams* v. *Commonwealth*, 2 Gratt. Va. 567; *State* v.

*Ephraim,* 2 Dev. & Bat., N. C. 162; *Mahala* v. *State,* 10 Yerger, Tenn. 235.)

The necessity for a discharge of a jury, by reason of their inability to agree upon a verdict, may be as absolute and uncontrollable by the Court as a necessity arising from any physical cause, but the objections to a discharge of a jury for this cause are based upon the impossibility of determining the fact of their inability to agree upon further deliberation, and the liability to abuse of the power exercised by the trial Court to adjudge the existence of a fact upon evidence confessedly falling far short of demonstrating its existence. It will, however, be observed that some of the causes of discharge, conceded to be sufficient to create an absolute legal necessity, are based upon physical facts, the existence of which the Court is authorized to find and act upon without requiring such evidence of their existence as to preclude the possibility of doubt. In case of the alleged inability of a juror to further discharge his duties as such, by reason of serious illness, the evidence of the existence of such fact most generally relied upon consists of the declarations of the invalid juror, the simple statements of his associates, and his appearance before the Court, without even the aid of such testimony as is required to judicially establish a controverted proposition. The Court, upon these statements of individual jurors, the personal appearance and conduct of the invalid in presence of the Court, is satisfied beyond a reasonable doubt of his physical or mental inability to further discharge the duties of a juror, so states and causes to be entered of record his convictions, and discharges the juror. Yet the fact of such sickness or mental inability as to disqualify the invalid juror from a further discharge of his duties as juror is not established or demonstrated beyond possibility of doubt, nor is any controverted ultimate fact in

a judicial investigation, even the fact of the guilt of the accused in a criminal case, required to be established beyond the possibility of doubt. Such facts are only required to be established beyond a reasonable doubt. Why, then, should not the fact of the inability of a jury to agree upon a verdict, if compelled to protract their deliberations to the close of the term of Court, be considered as legally and sufficiently established on the presentation of evidence sufficient to satisfy the Court beyond a reasonable doubt? After a jury composed of honest, intelligent, and impartial men, as all jurors are presumed to be, have deliberated a reasonable length of time, and come into Court with a statement that they have not agreed upon a verdict, this statement is certainly conclusive of the fact that they have not agreed; and if such report is accompanied with a unanimous expression of the jurors that they cannot agree, and that further deliberation would not enable them to agree, I am not able to discover why such report and expression, in connection with the fact that the jury had already, in the judgment of the Court, deliberated a proper and reasonable length of time to enable them to arrive at an agreement, or enable them to arrive at an intelligent conclusion as to a rational probability of agreement upon further deliberation, together with surrounding circumstances of the case within the knowledge of the Court—such as the amount and character of the evidence presented for their consideration, the number of preliminary issues involved by the evidence as presented, the habits of thought and temperament of the individual members of the jury—should not enable the Court to arrive at a conclusion, beyond a reasonable doubt, that the jury would not agree upon further and continued deliberation. When such facts are shown to exist, a legal necessity, in my judgment, has arisen for the discharge of the jury.

The power of the Court to discharge a jury without the

consent of the prisoner is not an absolute, uncontrolled discretionary power. It must be exercised in accordance with established legal rules and a sound legal discretion in the application of such rules to the facts and circumstances of each particular case, and in this State is subject to review by an appellate Court.

The action of the Court in the discharge of the jury in the present case, and holding the petitioner for retrial, is sanctioned by our statute, by the uniform practice of all our Courts, and by a large preponderance of judicial authority from our sister States, and is, in my judgment, in accordance with enlightened principles of law and justice, not in contravention of any right secured by our Constitution, and should be sustained.

I have thus examined the questions presented by counsel on the argument, and stated the result of such examination, without reference to an important preliminary question which, upon the petition and return to the writ, presents itself in bar of any review of the proceedings of the Court in which the indictment against the prisoner is still pending. The facts presented by the petition and return show that the petitioner is in custody awaiting his trial under an indictment for murder still pending against him in the District Court. The jurisdiction of the Court to try and determine the case as presented by the indictment is not questioned, nor is the validity of the original process, by virtue of which the petitioner was arrested and held to answer, assailed. The case is still undisposed of; no final judgment has been entered therein, and no order of the Court has been made releasing the prisoner from custody. It is simply claimed that the order of the Court discharging the jury without the prisoner's consent, and the further order remanding the prisoner to the custody of the Sheriff, to await further proceedings against him on the indictment, are erroneous. It does not follow that the defendant is entitled to be discharged

from custody on habeas corpus, even though his detention in custody is admitted to be the result of error of the Court by which he is held to answer. Although the writ may be demanded as of right by any one who deems himself illegally detained in custody, *non constat*, that the Court or Judge before whom the return to such writ is made can in all cases investigate the merits of such detention. This, in my judgment, presents a clear case in which no Court or Judge, upon habeas corpus, can properly or legally investigate the merits and wrest the prisoner from the hands of the Court in which his case is pending. (*Ex Parte McCullough*, 35 Cal. 100, and authorities there cited; *Wright* vs. *State*, 5 Ind. 290, 527, and cases cited.) If the petitioner is aggrieved by the action of the Court in which his case is pending, he has his remedy by motion or plea therein, and by appeal to the proper tribunal, where, if the proper steps are taken and a record of the proceedings of the trial Court are preserved and presented, a review of the action of such Court, of which he now complains, can be properly had, and his rights vindicated.

The application for the unconditional release of petitioner must, therefore, be denied.

His further application for an order admitting him to bail, I think, upon a careful examination of the evidence presented on the former trial, and in consideration of the inability of the jury to agree upon a verdict, and their discharge *without his consent*, thereby protracting his confinement, in addition to his long imprisonment before he was placed upon trial, should be granted.

It is therefore ordered that the petitioner be admitted to bail and released from custody, upon his filing an undertaking, with sureties as required by law, in the sum of ten thousand dollars, approved by the Judge of the Sixth Judicial District Court.