[No. 3,462.]

## EX PARTE E. C. HARTMAN, ON HABEAS CORPUS.

ERRONEOUS ORDER MAY BE SET ASIDE BY COURT OF ITS OWN MOTION.
A Court may of its own motion, or upon the application of a party interested, during the continuance of the term, in a criminal case, modify or set aside an erroneous order; and under section four hundred and forty-three of the Criminal Practice Act, the Court may, upon its own view of fatal defects in an indictment, arrest the judgment without motion.

ERROR TO BE REVIEWED ON APPEAL, BUT NOT UPON HABEAS CORPUS.
Any error committed by the Court, in setting aside or modifying an erroneous order in a criminal case, may be reviewed in a proper case upon appeal, but cannot be questioned upon habeas corpus.

EFFECT OF ORDER ARRESTING JUDGMENT.—The effect of an order arresting a judgment in a criminal case, is to place the defendant as nearly as other and controlling rules of law will permit, in the same situation in which he was before the indictment was found. Upon its entry he must be discharged, unless detained by virtue of some other legal process or order.

JEOPARDY AS A DEFENSE.—The trial of a party for a crime, under a sufficient indictment, and by a jury duly impaneled, sworn, and charged with the case, nothing having been done upon his part which amounts to a voluntary waiver of his rights, is a complete defense as against any future indictment for the same offense, even if the judgment was arrested by the Court.

REMEDY FOR ORDER ERRONEOUSLY MADE.—Where a party is held in custody under an order which is regular upon its face and which the Court had power to make, he cannot be discharged upon habeas corpus because of error in granting the order. His remedy is by appeal.

ORIGINAL writ of habeas corpus issued out of the Supreme. Court, and heard at chambers before Mr. Justice NILES.

The facts are stated in the opinion.

*Sprague & Davidson*, for Petitioner.

By Niles, J.:

The petitioner was indicted for the crime of an assault with intent to commit murder.

The defendant entered a plea of not guilty. A regular trial was had, and the jury found the defendant "guilty of an assault with a deadly weapon with an intent to do bodily harm."

At the time fixed for sentence the defendant moved an arrest of judgment upon the ground that the indictment did not "contain a statement of the acts constituting the offense of an assault with a deadly weapon," etc. The motion was overruled. The defendant's counsel then gave notice of a motion for a new trial, and a day, two days later, was set for hearing the motion.

The minutes of the Court of that day contain the following entries: "At the coming in of Court, the Court of its own motion orders an arrest of judgment sustaining the motion made by defendant on Saturday, the seventeenth. The Court of its own motion vacates the order overruling motion in arrest of judgment. The District Attorney interposes an objection to the judgment of the Court being set aside or disturbed as entered on the seventeenth instant. Objection overruled by the Court, to which ruling the District Attorney excepts. The District Attorney asks the Court to remand the defendant Hartman to the custody of the Sheriff, to await the action of the next Grand Jury, and pending the above motion, counsel for defendant moves to withdraw the original motion for an arrest of judgment, to which the District Attorney objects, on the ground that a motion not yet decided is pending before the Court. The Court sustains the objection and orders the defendant to be remanded to the custody of the Sheriff, to await the action of the next Grand Jury upon a charge of an assault to com-

mit murder, and that he be admitted to bail in the sum of one thousand five hundred dollars. Counsel for defendant excepts to the ruling of the Court."

Under the latter order of the Court the petitioner is detained by the Sheriff, from whose custody he now seeks to be discharged.

I am not called upon in this proceeding to consider the propriety of the order arresting the judgment, nor whether it should be construed as an independent order of the Court upon its own motion, or as an order following the previous motion of the defendant, and correcting a supposed error in the former ruling. In either case the power of the Court to make the order cannot be questioned. A Court may of its own motion, or upon the application of a party interested, during the continuance of the term, modify or set aside an erroneous order; and by section four hundred and forty-three of the Criminal Practice Act, it is provided that the Court may, upon its own view of fatal defects in the indictment, arrest the judgment without motion. Any error in this respect could be reviewed in a proper case upon appeal, but cannot be questioned upon habeas corpus.

The effect of the order is to place the defendant, as nearly as other and controlling rules of law will permit, in the same situation in which he was before the indictment was found. (Crim. Pr. Act, Sec. 445.) Upon its entry he must be discharged, unless he is detained in custody by virtue of some other legal process or order, which it is in the power of the Court to make.

By section four hundred and forty-six of the Act, it is provided that, "if from the evidence of the trial there is reason to believe the defendant guilty, and a new indictment can be framed, upon which he may be convicted, the Court may order him to be recommitted to the officers of the proper county, or admitted to bail anew to answer the new indictment. If the evidence shows him guilty of another offense,

he shall be committed or held thereon, and in neither case shall the verdict be a bar to another prosecution or indictment.''

I presume the County Court acted under the authority of this section in remanding the prisoner to custody "to await the action of the next Grand Jury upon a charge of an assault to commit murder." ·

There can be no doubt that if the petitioner has been tried for the crime of an assault with intent to commit murder, under a sufficient indictment, and by a jury duly impaneled, sworn, and charged with the case, and nothing has been done upon his part which amounts to a voluntary waiver of his rights, these proceedings would be a complete defense as against any future indictment for the same offense. (*People* v. *Webb*, 38 Cal. 479.) It is to be presumed that if these facts should appear at the trial under the second indictment, and under the proper pleadings, the defense would be allowed by the trial Court. If refused, the error could be corrected on appeal.

But these are questions which cannot be considered in this proceeding. The order under which the petitioner is held is regular upon its face, and one which the Court had power to make. I cannot extend the inquiry beyond this. If the order was erroneously granted, it was not therefore void. The remedy for error is by appeal. (*Ex Parte McCullough*, 35 Cal. 100; *Ex Parte McLaughlin*, 41 Cal. 211.)

The petitioner is remanded.