*Hale & Craig, for Respondent.*—There is no controversy as to that, I understand.

*Mr. Justice* McKINSTRY.—Judgment affirmed.

---

[No. 10,518.—Before MORRISON, C. J.]

## EX PARTE COHN.

55  193
114  161
55  193
118  356

CONTEMPT—ENFORCEMENT OF DECREE OF DISTRIBUTION—ESTATES OF DE-CEASED PERSONS.—Disobedience of a decree of distribution by an executor or administrator is a contempt of court, and the decree may be enforced by proceedings under the provisions of the Code of Civil Procedure relative to contempt.

ID.—HABEAS CORPUS—JURISDICTION.—The functions of the writ of *habeas corpus*, when a party who has appealed to its aid, is in custody under process, do not extend beyond an inquiry into the jurisdiction of the Court by which it was issued, and the validity of the process upon the face.

ID.—ID.—ID.—ENFORCEMENT OF DECREE OF DISTRIBUTION—ESTATE OF DE-CEASED PERSON.—*Held* accordingly, upon an application for discharge upon a writ of *habeas corpus* by an executor who was in custody under an order of the Superior Court, adjudging him guilty of contempt in refusing to pay over money under a decree of distribution, that the Court had jurisdiction, and, the proceedings being regular and valid on their face. that the prisoner was not entitled to a discharge.

APPLICATION for release on a writ of *habeas corpus*.

The facts are stated in the opinion.

*A. C. Searle,* and *J. B. L. Brandt,* for the Prisoner.

MORRISON, C. J.:

The petitioner complains that he is unlawfully imprisoned, confined, and restrained of his liberty, by one Thomas Desmond, Sheriff of the City and County of San Francisco; and the Sheriff, in his return to the writ of *habeas corpus* directed to him, shows that he holds the petitioner under commitment issued out of the Superior Court of the City and County of San Francisco, in a proceeding for contempt pending in that Court.

The facts established on the hearing are, that Isador Cohn, as executor of the estate of one Solomon Cohn, filed his account in the late Probate Court of the City and County of San Francisco, on the 1st day of December, 1879, from which it appears

that there was then due from him to the estate the sum of $5,941. This amount had been received by him in money, and should have been in his hands at the time the foregoing account was rendered.

On the 13th of March, 1880, a petition was duly filed in the Superior Court of the City and County of San Francisco, (which Superior Court has succeeded to the powers and jurisdiction of the late Probate Court) for a partial distribution of the estate of Solomon Cohn, in which petition it was set forth and shown that Isador Cohn had then in his hands, as executor, more than $5,000 in money belonging to the estate of Solomon Cohn. And on the filing of such petition for partial distribution, an order to show cause was duly issued by the Superior Court, returnable on Monday, the 26th day of April, 1880. On the next day, (April 27th) Isador Cohn was cited to show cause why an order of partial distribution should not be made in accordance with the prayer of the petition. On the 26th day of April, (the day named in the citation) the hearing of the petition came up regularly before the Superior Court, and an order was thereupon entered, directing Isador Cohn to pay over certain sums of money in the order mentioned, amounting in the aggregate to the sum of $5,000. This order recites, "*That more than the sum of $6,000 is now in the hands of said executor, Isador Cohn, the sole executor of the estate of Solomon Cohn, deceased, property of said estate, and that there are no debts.*"

The petitioner, Isador Cohn, was served with a copy of the above order or decree of the Superior Court, on the 29th day of April, and a demand was made upon him to pay over the moneys held by him as executor, in accordance with the terms of the decree.

Isador Cohn neglected and refused to pay over such moneys, and an affidavit to that effect was presented to the Superior Court of San Francisco on the 29th day of April, whereupon an order of attachment for contempt was duly issued against him. In pursuance of this order, a writ of attachment was issued, and Isador Cohn was thereupon brought before the Superior Court, to show cause, if any he had, why he should not be punished for contempt in failing to obey the order and decree of partial distribution; and afterward such proceedings were

had in the case, that Isador Cohn was, on the 10th day of May, adjudged guilty of contempt of court.

This order recites all the proceedings had in the case, including the following: "And this Court having fully investigated the charges and premises, and having heard the answer and witnesses of said Isador Cohn, executor, to the same, has, on mature deliberation, determined that said Isador Cohn, said executor, is guilty of the charge of refusing to obey said order of partial distribution, and of a contempt of this Court in so refusing to obey said order. And it further appearing to this Court, on said examination, that said Isador Cohn, executor, had, before the making of said order of partial distribution, received more than the sum of $5,000 of the moneys of said estate as such executor, and, at the time of the making of said order of distribution and demand, had not paid out the same, or any part of it, to said estate, or to any person entitled to the same; it is further by this Court ordered, that said Isador Cohn be imprisoned in the county jail of the City and County of San Francisco until he shall comply with said order, or be otherwise discharged."

Upon this order a commitment was issued, and on the hearing of this writ all the foregoing papers and proceedings have been made a part of the return.

The first ground relied upon for the discharge of the prisoner is, that he is not able to comply with the order. The petition shows that, on the hearing before the Superior Court, Isador Cohn testified that he was unable to comply with the order of partial distribution, owing to the insolvency of his affairs; that his creditors, without his knowledge, connivance, or consent, had attached all of his property and assets for money justly due them; that he had employed all the means within his power to obtain money to enable him to comply with the order and decree of distribution, but all his efforts had been fruitless and unavailing, etc. It is therefore claimed that the order imprisoning the petitioner amounts in effect to perpetual imprisonment. But this question was directly presented to the Superior Court, and that Court found that more than *six thousand dollars is now in the hands of said executor belonging to the estate of Solomon Cohn, deceased.* Was there not sufficient evidence to

justify such findings? I am of opinion that there was. His account rendered in December shows a large balance then due to the estate, and no satisfactory explanation is given of the loss of the money since that time. What has become of it? Has he voluntarily and contumaciously disabled himself from doing the act required of him by the decree, and thus brought himself within the rule laid down by this Court in *Galland* v. *Galland*, 44 Cal. 475, or is his answer a mere sham, void of all truth, and utterly unreliable? Certain it is, that he had the money in his possession—money held by him in a fiduciary capacity; money belonging to infant heirs of Solomon Cohn; a sacred trust, which should have been discharged by him with the strictest fidelity and the utmost good faith, and when the time arrives for him to discharge that trust, he shields himself behind the plea of disability. If the simple statement of a delinquent and dishonest executor could be heard, to relieve him under such circumstances, it would be useless for courts to attempt to enforce, by process of contempt, obedience to their orders. A faithless and dishonest trustee would always be found willing to plead such a defense, and to support such plea by a false oath. I repeat, that the Court before which the matter was heard found adversely to petitioner on this plea, and that finding I am not inclined to controvert.

It is further claimed that the Superior Court had no power to enforce its decree by commitment for contempt; that the parties to whom the money was to be distributed should have brought an action for the recovery thereof. The objection to the proceeding is fully covered by the late case of *Ex parte Smith*, 53 Cal. 204. There it was distinctly held that the Probate Court could enforce a decree of distribution under the provisions of the Code of Civil Procedure relative to contempts, and that disobedience of an order of distribution of an estate is a contempt of court.

It clearly appears that the Superior Court had jurisdiction, and that the proceedings are regular and valid upon their face. These facts bring the case within the rule laid down in *Ex parte McCullough*, 35 Cal. 97, where it is said: "It is well settled that *habeas corpus* can be put to no such use, and that its functions, when the party who has appealed to its aid is in custody

under process, do not extend beyond an inquiry into the jurisdiction of the Court by which it was issued, and the validity of the process upon its face." The same is the rule found in *Ex parte Hartman*, 44 Cal. 32. The Judge there says : "The order under which the petitioner is held is regular upon its face, and one which the Court had power to make. I cannot extend the inquiry beyond this." And in *Ex parte Max*, WALLACE, C. J., says : "The indictment upon which the judgment is founded is sufficient in all respects; the offense of which the petitioner was convicted was one within the scope of the indictment, and the judgment one which the County Court had authority to render upon the appearance and plea of the petitioner. These conditions constitute jurisdiction; all others involve questions of mere error, and the latter cannot be inquired into upon writ of *habeas corpus*, but only upon proceedings in error." (44 Cal. 581.)

If it be true in fact that the petitioner cannot comply with the order, and that the inability is not the result of his own willful and wrongful act, he can apply to the Superior Court for relief, and, upon a satisfactory showing, that Court will doubtless do him justice.

The petitioner is remanded.