## ESTATE OF NICHOLAS TREWEEK, DECEASED.
[No. 2,159; decided November 11, 1885.]

**Executor—Failure to Comply with Decree of Distribution—An executor** who refuses to make payment to distributees in accordance with the decree of distribution is punishable for contempt, and he cannot plead inability to pay, when his account on file shows the contrary.

Nicholas Treweek died in San Francisco on December 30, 1882, leaving an olographic will dated April 2, 1882, in which he made his brothers, Francis, John and George Treweek, and his sisters, Jane Treweek and Elizabeth West, his legatees and devisees. The same persons were his heirs.

To his brother Francis he left the sum of $5,000, and to each of his other brothers and sisters $2,500, making in all $15,000. He also made all his brothers and sisters his residuary legatees and devisees, share and share alike.

In this will the testator also named Arthur W. Bowman executor.

On January 6, 1883, Mr. Bowman filed the will, together with a petition for its probate, and for letters testamentary.

The petitioner stated the probable value and character of the property of the estate to be about the sum of $15,000 in money in his hands, and certain stocks and real property.

On January 24, 1883, the will was duly admitted to probate, and the petitioner appointed executor, and letters were issued to him on the 29th of the same month.

An inventory and appraisement was filed in the estate on September 4, 1883, in which the executor stated that part of the estate consisted of about the sum of $16,775.23 in money in his hands.

On January 3, 1884, the executor filed his final account, and a petition for final distribution in accordance with the will.

In this account he stated the balance of moneys in his hands to be $15,000.

The account was settled, and decree of distribution made as prayed for on January 15, 1884.

On June 15, 1885, Lovell Squire, Jr., filed a verified petition reciting the facts above stated, and also alleging that he was the attorney in fact of the distributees; that he had, as such, made demand upon the executor for the sum of $15,000, in accordance with the decree of distribution, and that he had refused to pay, giving as his only ground of refusal that he did not have the money; Mr. Squire therefore prayed that an order be made requiring the executor to show cause why he should not pay the money, or be punished for contempt for his failure to do so.

The order to show cause was made, and citation issued thereon.

On July 22, 1885, the executor filed his answer to this petition. He stated in his answer that at the time of the testator's death he, Bowman, owed the sum of $15,000 to the testator for moneys loaned; that in his petition for probate he alluded to said moneys as moneys in his hands, but as a matter of fact there were no moneys of the estate in his hands, although he was at that time amply able to pay the debt; that after his appointment as executor, the matter remained in precisely the same condition, to-wit: as a debt, he having made no segregation of his moneys, or set any apart to the estate in payment of the debt; that at the time of the distribution the distributees were absent from the state of California,.and respondent did not know that they had an agent in this state, and if they had been here he would have paid them out of his general resources; that on October 27, 1884, a petition was filed in the superior court of Alameda county by certain of his creditors, to have him declared an insolvent, and that on November 10, 1884, he was adjudicated an insolvent, and one Wm. Thomas was appointed his assignee; that his estate was worth at least

$100,000, and the insolvency proceedings were still pending; and since the filing of the petition in insolvency he had no moneys in his hands, and that his whole estate was in the hands of his assignee; that it was impossible for him, respondent, to comply with the decree of distribution, and that this impossibility was the only reason for his failure to comply, and he intended no contempt of or disrespect to the court.

To this answer a general demurrer was filed by the petitioner, which was sustained on November 11, 1885, with leave to respondent to amend within ten days thereafter.

Respondent having declined and failed to amend, he was committed for contempt on November 30, 1885.

Columbus Bartlett, with whom was W. E. Lindenberger, for demurrant.

E. W. McGraw, for respondent.

COFFEY, J. The executor is an officer of the court, and as such responsible to the court for failure to comply with the terms of the decree of distribution, which was final and conclusive. It was his duty to make payment as therein directed: Code Civ. Proc. 1209, 1666, 1721, 1962; Estate of Taylor, Myr. 160; Estate of Smith, 53 Cal. 208; Estate of Cohn, 55 Cal. 193; Estate of Lacoste, Myr. 68.

The other authorities cited and considered do not affect the adjudications in this court and state, which seem to me conclusive against respondent. Demurrer sustained, ten days to amend.

---

When a Decree of Distribution is Made, it becomes the duty of the executor or administrator to deliver the estate to the parties designated by the court: McCabe v. Healy, 138 Cal. 81, 90, 70 Pac. 1008. No special or express order to that effect is authorized or required. Upon the entry of the decree, the law fixes this duty on him. He still remains an officer of the court, subject to its jurisdiction, until his final discharge; and hence the court has authority, if necessary, to compel him, by punishment as for a contempt, to make a delivery to the distributees of their respective shares: Ex parte Smith, 53 Cal. 204; Wheeler v. Bolton, 54 Cal. 302; Estate of Kennedy, 129 Cal. 384, 62 Pac. 64; Estate of Cohn, 55 Cal. 193; McLaughlin v. Barnes, 12 Wash. 373, 41 Pac. 62. And he can take no appeal from an order adjudging him in contempt, and committing him to jail until he complies with the decree: Estate of Wittmeier, 118 Cal. 255, 50 Pac. 393.