## Ex parte NESSON.

Under the Code of Criminal Procedure, a plea of former jeopardy, acquittal, or conviction raises an issue of fact to be tried by a jury, and cannot be passed upon in a habeas corpus proceeding.

A prisoner cannot be released on a writ of habeas corpus on the ground of former jeopardy.

Irregularities in the proceedings of a trial court cannot be made the ground of relief by habeas corpus.

Postponement of a criminal trial, even if upon an insufficient showing, cannot be corrected by habeas corpus; it not depriving the court of jurisdiction, either of the accused or of the offense.

Under the Code of Criminal Procedure, permitting the plea of former jeopardy, conviction, or acquittal to be interposed with the

plea of not guilty, the trial court may permit such a plea to be entered at a term subsequent to that in which a plea of not guilty as been interposed.

(Opinion filed, April 26, 1910.)

Original application for a writ of habeas corpus by Atwood Nesson. Prisoner remanded to custody.

*Hall, Roddle & Purdy,* for petitioner. *Olaf Eidem, State's Atty.,* for respondent.

SMITH, J. This is an original proceeding by petition for a writ of habeas corpus through which the petitioner, Atwood Nesson, seeks to be released from an alleged unlawful detention by the sheriff of Brookings county, who holds the petitioner in custody, under an order of commitment issued by the circuit court of Brookings county, pending a trial on the charge of statutory rape. The petition for the writ and the return disclose substantially the following facts, which are wholly undisputed.

On or about August 10, 1909, the defendant, Atwood Nesson, was held by a justice of peace of Brookings county upon an information duly filed to answer the charge of statutory rape upon the person of his 15 year old daughter, Grace Nesson, and in default of bail was committed to the county jail of Brookings county. At the January term, 1910, of the circuit court of Brookings county, an information was filed in the circuit court, by the state's attorney, charging the petitioner with said crime, upon which he was duly arraigned and entered his plea of not guilty. A jury was impaneled and sworn to try the cause. The information was read to the jury, the plea of not guilty stated, and the prosecution called as a witness on behalf of the state the said Grace Nesson, who was duly sworn and gave certain preliminary testimony. She was then asked by the state's attorney certain questions bearing directly upon the commission of the alleged crime, which she refused to answer, upon the ground that her answers would tend to incriminate her. Her claim of privilege was overruled by the court, and, still refusing to answer, she was committed to the jail of Brookings county as a recalcitrant witness, until such time as she should purge herself of contempt and answer the questions propounded to her. The state's attorney there-

upon stated to the court that he was surprised at the refusal of this witness to testify, that he could not safely proceed with the trial without her testimony, and asked the court to adjourn the trial until such time as the testimony of the witness could be presented to the jury. The court thereupon stated to the jury that they would not be discharged from consideration of the case, but would remain as the jury pursuant to proceedings already had, and that the jury would be permitted to separate until such time as they should be recalled and reassemble to proceed with t`· trial. The court thereupon remanded the accused to the custody of the sheriff of Brookings county, where he has since remained. The court then proceeded with the transaction of other pending business, and when such business was concluded, on the second day following the proceedings above recited, in the absence of both defendant and his counsel, made the following order, which was duly entered on the minutes of the court: "Subject to the resumption of the trial and further proceedings of the case, in the case of State of South Dakota against Atwood Nesson, and further order or orders or direction or directions of the court, in respect thereto, this term of court will stand adjourned until the 1st Tuesday in April, 1910, at 10 o'clock a. m."

Shortly after the foregoing proceedings, a writ of habeas corpus was sued out in this court, demanding the discharge of Grace Nesson from her imprisonment for contempt in refusing to answer the questions propounded to her, and upon the hearing she was released from custody; this court having found that the questions asked upon the trial were of such character as to incriminate her, and that she had a lawful right to refuse to answer. See 125 N. W. 124. On the 31st of March, 1910, the accused, Atwood Nesson, presented his petition for a writ of habeas corpus, which was made returnable on April 7, 1910. On the 5th day of April, 1910, Hon. George H. Marquis, judge of the circuit court of the Third judicial circuit, within and for the county of Brookings, was present at the courtroom in the city of Brookings, the county seat of said county, pursuant to the adjournment of the January term of said court. The jurors impaneled at the January term for the trial of said cause were not

present upon the adjourned day. Thereupon the petitioner on the 5th of April, 1910, after due notice to the state's attorney, presented to the circuit court a motion for his discharge from custody, upon the grounds that, although his original detention may have been lawful, the proceedings theretofore had upon the trial entitled him to a verdict of acquittal and to his discharge, and alleging that the circuit court was without further jurisdiction to proceed with the trial of the cause, and that his further detention and imprisonment under said charge was unwarranted and unlawful. Upon the hearing of this motion the state's attorney filed an affidavit setting forth the foregoing facts as the grounds of surprise upon which the court had adjourned the further hearing of the cause at the January term. The circuit court refused to discharge the accused, to which ruling an exception was entered. On the following day, the 6th day of April, 1910, the state's attorney presented to the circuit court a motion for the discharge of the jury impaneled in said cause at the January term, and asked that the court make an order holding the defendant to answer said charge at the June, 1910, term of court, to the end that a new jury might be impaneled to try the cause at said term, which motion was granted and the accused remanded to custody. These proceedings were objected to by the petitioner, and, his objection being overruled, an exception was entered in the record. Upon the 7th day of April, 1910, being the return day of this writ, all the foregoing proceedings were made to appear before this court, and the question now presented is whether, upon these proceedings, the petitioner is entitled to his discharge.

The contention of the petitioner is that, by reason of the proceedings hereinbefore stated, he has been in law acquitted, and cannot be further held or tried on this charge, and that the situation is precisely as though a verdict of not guilty had been found by the jury and entered by the court. It is conceded that the circuit court of Brookings county had jurisdiction both of the person of the petitioner and of the crime charged against him. It is conceded that he stands committed to the custody of the sheriff under the order of that court pending a trial upon this

criminal charge. It is conceded that no verdict of a jury has ever been rendered or entered, either convicting or acquitting him of the crime charged. If any reason in law exists why the petitioner may not be again placed upon trial, it is because he has once been placed in jeopardy by reason of the proceedings hereinbefore recited. It may be conceded for the purposes of this case that a verdict of acquittal and a judgment duly entered would absolutely deprive the circuit court of jurisdiction to again place petitioner upon trial for the same offense and would entitle him to a discharge unless such judgment and verdict had been vacated in some appropriate proceeding. But there has been neither a verdict nor a judgment. And if it were conceded that the proceedings had upon the trial were of such character as to constitute legal jeopardy, the circuit court would not thereby be deprived of jurisdiction, either of the person of the petitioner or of the offense charged against him. But if the petitioner should be again placed upon trial for this same offense, he might plead his alleged former jeopardy in bar of his further prosecution.

It is contended by respondent that even upon such plea the accused could not be acquitted by reason of former jeopardy, for the reason that the proceedings disclosed by the record were such as to constitute a "manifest necessity" for the discharge of the jury and the continuance of the cause, which would defeat the plea of former jeopardy. It is, however, unnecessary to determine this question at this time, because, under the Code of Criminal Proceedure of this state, a plea of former jeopardy, acquittal, or conviction raises an issue of fact to be tried by a jury, and cannot be passed upon in a habeas corpus proceeding. In the recent case of Gillespie v. Rump, 163 Ind. 457, 72 N. E. 138, the Supreme Court of that state quotes with approval the language used in the case of Wright v. State, 5 Ind. 290, 61 Am. Dec. 90: "In that case the judge of the circuit court in which the defendant was on trial upon an indictment for murder, over the objection of defendant, discharged the jury on the last day of the regular term of the court, before the trial was finished, and continued the case until the first day of the succeeding term. The defendant contended that the discharge of the jury was un-

necessary and was equivalent to an acquittal. He sued out a writ of habeas corpus before the judge of the court of common pleas, and upon a hearing in which the foregoing facts were shown the judge remanded the petitioner to jail. An appeal was taken, and in deciding the case this court said: 'The facts in this case show that the prisoner was in custody awaiting a trial under an indictment for murder, and we are clearly of the opinion that, although the discharge of the jury by the circuit court was equivalent to a verdict of acquittal, yet as the case was not finally disposed of, and as there was no release of the prisoner by judgment of the court, he must be regarded as in custody under the indictment. Had there really been a verdict of acquittal rendered by the jury without further action by the circuit court, the judge of the court of common pleas could not have discharged him. If he could not at this stage of the case, why at any other? Why not take the case from the hands of the jury in the midst of their investigation? Such is not the object or true meaning of the writ of habeas corpus. See State v. Sheriff, 15 N. J. Law, 68; Johnson v. U. S., 3 McLean, 89 [Fed. Cas. No. 7,418].' "

That a prisoner cannot be released on a writ of habeas corpus on the ground of former jeopardy must, we think, be regarded as settled by the authorities, and the proposition that irregularities and errors in the proceedings of a trial court cannot be made the ground of relief by habeas corpus is so elementary as hardly to require a citation of authorities. 21 Cyc. 298, and cases cited: Had it appeared from the record, as intimated by counsel for petitioner, that the trial court adjourned the term indefinitely, or without date, a question of must greater difficulty might have been presented. But such is not the record in this case. The term was regularly adjourned from January to April, and the contention of counsel for petitioner that the court lost jurisdiction over the offense or of the defendant in the action by such adjournment cannot be sustained.

Counsel for petitioner, however, contends that it is manifest by the affidavit of the state's attorney that the prosecution now seeks to hold the petitioner until Grace Nesson can be proceeded

against, and by means of a verdict of conviction or acquittal deprive her of her constitutional privilege against self-incrimination, and thereby qualify her as a witness against the accused; that such procedure might require months or years before petitioner could be brought to trial; and that he will not be in a position to claim his discharge because his case was not brought to trial, under the provisions of section 630, Code of Civil Procedure, at the next term of court at which the information is triable. It is most strenuously urged that such a course would be in violation of petitioner's constitutional and statutory rights. In support of this view, counsel cites In re McMicken, 39 Kan. 406, 18 Pac. 473, where this language is used by the court: "It would be a palpable violation of the Bill of Rights, and also of the statute, to require an accused, who is entitled to his discharge, so far as relates to the offense for which he was committed, to be restrained of his liberty indefinitely, at the instance of the state, or upon the order of the court, to await a final trial or determination of the case against him."

This decision of the Kansas court was rendered upon a statute similar in principle, but not identical with section 630 of our Code of Criminal Procedure. It is apparent, however, and in fact is conceded by counsel for petitioner, that this proceeding does not present the question of the right of petitioner to a speedy trial, which was involved in the Kansas case. In the brief filed by counsel for petitioner, it is said: "The court will observe that this is not a proceeding brought under the provisions of section 630 of the Code of Criminal Procedure, which provides: 'If a defendant prosecuted for a public offense whose trial has not been postponed upon his application is not brought to trial at the next term of court in which the indictment or information is triable, the court must order the prosecution to be dismissed unless good cause to the contrary be shown.'" Counsel further says: "This is a case where the defendant was brought to trial upon the action and motion of the state's attorney, and that trial was, we claim, unlawfully interrupted by postponement without proper cause." Conceding that it appears from the record as

a matter of fact that the trial was postponed to a succeeding term' of court, and conceding, which we do not decide, that the postponement of the trial was made upon an insufficient · showing, yet the action of the court would be merely erroneous and not void, and would not deprive the court of jurisdiction, either of the accused or of the offense charged. Such an error, if made, could not be corrected in a proceeding by habeas corpus. It seems very clear to us that the ruling of the Kansas court and other authorities cited have no application to the question before us.

It was also contended by counsel for the petitioner that, if it be conceded that the question of former jeopardy can only be pleaded as a bar in the trial court, yet the accused, having already entered his plea of not guilty in the trial court, will be deprived of the opportunity of entering a plea of former jeopardy. In this counsel is in error. The plea of jeopardy or former conviction or acquittal under the Code of Criminal Procedure may be interposed along with the plea of not guilty, and the trial court would undoubtedly permit such a plea to be entered should the accused again be brought to trial at the next term of court. Whether such plea should be sustained is a question which cannot be determined in this proceeding.

The petitioner is remanded to the custody of the sheriff of Brookings county.