# STATE v. FLOYD.

(132 N. W. 662.)

**Habeas corpus — right to.**

1. The writ of habeas corpus can be properly used only where the petitioner is confined without jurisdiction.

**Habeas corpus — right to.**

2. It cannot be invoked as a means of correcting mere errors or irregularities, or as a substitute for an appeal or writ of error.

**Habeas corpus — former jeopardy — wrongful discharge of jury.**

3. Where a defendant was regularly informed against and on trial, and the jury came into court after the issues were submitted to them, and announced that they could not agree upon a verdict, and were discharged, as alleged, in the defendant's enforced absence in jail, and without his consent or the presence or consent of his counsel, *held:*

(1) Conceding, without deciding, that the discharge of the jury was erroneous, the court was not thereby dispossessed of jurisdiction.

(2) That the action of the court in discharging the jury was, at most, an error, which cannot be reviewed, except in the usual manner, and not by habeas corpus.

(3) If the action of the district court was erroneous, its action can only be reviewed on another trial by pleading former jeopardy in the manner provided by statute.

Opinion filed September 30, 1911.

Application by M. E. Floyd for a writ of habeas corpus.

Writ quashed.

*T. F. McCue,* for petitioner.

*The Attorney General,* for the State.

---

Note.—The strict. rule which formerly prevailed in England as to the effect of the discharge of the jury in a criminal case has been greatly relaxed, and there are now many causes for which the jury may be discharged without entitling defendant to his discharge, as shown by a review of the authorities in 14 L.R.A.(N.S.) 548. And the holding in the case of STATE v. FLOYD that the question of former jeopardy cannot be determined in a habeas corpus proceeding is in entire accord with the other authorities on the subject, which are reviewed in a note in 15 L.R.A.(N.S.) 227, appended to the case of Hovey v. Sheffner, holding that the wrongful discharge of the jury does not devest the trial court, where the question of former jeopardy must be determined, of jurisdiction and entitle the accused to discharge on habeas corpus.

MORGAN, Ch. J.   Petition for a writ of habeas corpus based upon the following facts, as shown by the petition and the sheriff's return to the writ:   Petitioner was regularly informed against for the crime of robbery, and placed on trial before the district court of Foster county. The issue of guilt was submitted to the jury, and after considering the evidence they came into court and announced that they were unable to agree upon a verdict. , Thereupon the court discharged the jury from further consideration of the case.   The petitioner was not present in court at the time of the discharge of the jury.   His absence was an enforced one; he being at the time confined in the county jail.   His counsel was not present in court at the time, and neither the petitioner nor his counsel in any way consented to the discharge of the jury.   It is also set forth in the petition that an application was made for a writ of habeas corpus to the district court, and denied.   These are the facts set forth and relied on by the petitioner in his application for the writ in this court.   The sheriff of Foster county, having custody of the petitioner, files a return, wherein he denies that the jury was wrongfully discharged, and denies that the petitioner's confinement is unlawful, or without legal authority.   In disposing of the writ, we will deem it shown, for the purposes of this proceeding only, that the jury was wrongfully discharged in the petitioner's enforced absence, although the sheriff denies that such discharge was irregular and erroneous.

It is elementary law that in habeas corpus proceedings jurisdictional questions only are reviewable or to be considered.   The writ cannot be invoked for the purpose of reviewing the acts of courts or officers, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal or writ of error.   Before the writ is available as a means of release from confinement, it must appear that the court issuing the process, or the officer or person who keeps the applicant in confinement, has acted entirely without jurisdiction.   Our statute particularly lays down the grounds on which the writ will issue, and the substance of the statute is embodied in the statement given above.   Rev. Codes 1905, § 10,482.

It appears from the record before us that the petitioner was before the district court on trial under an information charging him with the crime of robbery, and that said court had jurisdiction of that offense,

and of the person of the petitioner. The trial had not been concluded when the jury was discharged, and no final judgment or order had been entered in the case. The order under which he was committed to jail after his arraignment under the information was still in force. That order will continue in force until the district court orders his release from custody after verdict, or dismissal of the case, or other causes, unless the petitioner becomes entitled to release by virtue of failure to bring him to trial regularly, as provided by law, or for some other cause happening after his commitment, rendering his detention unlawful.

In this case it is not contended by the petitioner that the jury was wrongfully discharged by reason of the fact that the jury was discharged before sufficient time had elapsed for a due consideration of the verdict. The sole contention is that the jury was discharged without his knowledge or consent, while he was in jail. We do not decide, in this case, whether the discharge of the jury under the circumstances are erroneous or not. It is not necessary to say more than that the order discharging the jury was not made without jurisdiction. If merely made erroneously, it cannot be attacked collaterally by habeas corpus. The error, if any, must be reviewed in the regular way of reviewing errors occurring at the trial; that is, by motion or appeal. There was no loss of jurisdiction, so that another trial cannot be proceeded with. If the petitioner has been once in jeopardy, the statute provides the procedure, if he wishes to raise that question. If a plea of prior jeopardy should be presented and sustained, it must be based on error by the trial court, which cannot be reviewed by habeas corpus. That fact, however, must be shown, if it exists, in the same way as any other defense must be shown on the trial.

Church on Habeas Corpus discusses this question, and in § 255 says: "And conceding that the court erred in discharging the jury, . . . it could not be reviewed without the record in the cause was properly before the court of review in such a way as to give it a revisory power under its appellate jurisdiction. But such an error is a mere irregularity, and should not be reviewed under this writ. It does not effect the question of jurisdiction, and where a court has jurisdiction it is within its power and authority, and is clearly its duty, to entertain, hear, and determine every question that may possi-

bly or legitimately arise during the progress of the trial, to final judgment of conviction or acquittal. The fact, therefore, if it be one, that the court has improperly discharged the jury, in the enforced absence of the prisoner, does not dispossess the court of its jurisdiction over the cause. If so, any further step or procedure in the action is wholly nugatory, and the only judgment that can be rendered is one of dismissal for want of jurisdiction, instead of a judgment upon the merits, which alone can furnish any protection to the defendant against another prosecution for the same offense."

In Gillespie v. Rump, 163 Ind. 457, 72 N. E. 138, the question of presenting a plea of former jeopardy under habeas corpus proceedings was under consideration, and the court said: "The jurisdiction of the Ohio circuit court over the subject of the action and the person of the petitioner at the time he was brought into court to answer the indictment, and a jury was first impaneled to try him and his codefendants upon it, is not questioned. That indictment is still pending against the petitioner, and no final judgment has been rendered in the cause. If it should be conceded that the appellant is correct in his contention that he has been once in jeopardy upon the charge contained in the indictment, and that the setting aside of the submission after the jury had been sworn to try the cause, the discharge of one of the jurors upon a peremptory challenge by the state, and the impaneling of a second jury—all without his consent and over his objections, duly presented—was equivalent to an acquittal, still the facts of such jeopardy and acquittal would, at most, constitute a defense in bar of the action, and would require proof upon a second trial, as any other fact or facts which might entitle the defendant to a verdict of 'not guilty.' Even if the proceedings of the court in setting aside the submission and discharging the juror were unauthorized and illegal, they were errors only, which, if proved upon subsequent trial of the cause, might or might not amount to a defense to the action. But these supposed errors did not deprive the court of its jurisdiction over the subject of the action, or the person of the defendant. Certainly they were not such as to render all further proceedings in the cause void."

The following are a few of the authorities that sustain the foregoing principles, where the facts were like these, or arose under similar circumstances: State ex rel. Styles v. Beaverstad, 12 N. D. 527, 97 N.

W. 548; Ex parte Maxwell, 11 Nev. 428; Re Nielsen, 131 U. S. 176, 33 L. ed. 118, 9 Sup. Ct. Rep. 672; Ex parte Nesson, 25 S. D. 330, 126 N. W. 594; Steiner v. Nerton, 6 Wash. 23, 32 Pac. 1063; State ex rel. Noonan v. Hennepin County, 24 Minn. 87; Re Terrill, 58 Kan. 815, 49 Pac. 158; Hovey v. Sheffner, 16 Wyo. 254, 15 L.R.A.(N.S.) 227, 125 Am. St. Rep. 1037, 93 Pac. 305, 15 Ann. Cas. 318; Ex parte Bigelow, 113 U. S. 328, 28 L. ed. 1005, 5 Sup. Ct. Rep. 542; Hurd, Habeas Corpus, p. 333; Ex parte Ruthven, 17 Mo. 541; State v. Orton, 67 Iowa, 554, 25 N. W. 775; Bishop, Crim. Proc. § 821; 9 Enc. Pl. & Pr. p. 1046; Ex parte McLaughlin, 41 Cal. 211, 10 Am. Rep. 272.

Our conclusion, therefore, is that the District Court did not lose jurisdiction, and that the writ must be quashed.

All concur.