THE STATE OF NORTH DAKOTA EX REL. ANNA MAE IVETZ, Petitioner, v. W. R. SINGLETON, as Sheriff of Dickey County, North Dakota, Respondent.

(207 N. W. 226.)

**Habeas corpus — evidence taken in preliminary examination will be examined and if there is any on which the defendant might be held the writ will be denied.**

On habeas corpus the evidence taken before a magistrate in a preliminary examination will be examined to determine whether there is any evidence upon which defendant might be held, and if there is the writ will be denied.

Opinion filed January 27, 1926.

Habeas Corpus, 29 C. J. § 53 p. 64 n. 56.

Application for writ of habeas corpus.
Writ denied.

*F. J. Graham* and *E. A. Sullivan,* for petitioner.
*W. S. Lauder* and *C. A. Whipple,* for respondent.

BURKE, J.   Anna Mae Ivetz petitions this court for a writ of habeas corpus, alleging that the sheriff of Dickey county, North Dakota, is unlawfully depriving the petitioner of her liberty and the alleged cause of such detention is that on the 30th of November, 1925, the said sheriff arrested the petitioner on a complaint charging the petitioner with the crime of perjury on the 17th day of November, 1925.   The testimony complained of and alleged to be false was given by the petitioner in a divorce action between petitioner and her husband and was in substance that petitioner's husband had had illicit relations with another woman.   The attorney for the husband in the divorce action, after a full cross-examination on the subject, moved to strike out the evidence on the ground that there was no charge of adultery in the complaint. The motion was granted by the court, and the evidence was stricken out.   It is the contention of the petitioner, that this testimony is not material under the pleadings in the divorce case, and, therefore, no perjury was committed; first, because it was stricken out, and, second, because it was immaterial.   The plaintiff in the divorce action first brought out the testimony and after the testimony had been stricken out, the attorney for plaintiff's husband recalled the plaintiff and, without objection, introduced the same evidence, the witness stating in detail the illicit relations between plaintiff's husband and the other woman.   The crime of perjury is committed when the evidence is material, false and wilful, and it is the contention of the state that the evidence was material, false and wilful.

One of the grounds of the cross-bill in the divorce action was extreme cruelty in accusing the husband with having criminal relations with other women, and such stories as she detailed on the stand were material to prove the charge of extreme cruelty alleged in the cross-bill.

The committing magistrate held the petitioner herein to answer in the district court and the judge who tried the divorce action denied a habeas corpus.   It is well settled in this state that if there is any evidence upon which a magistrate can act in a preliminary examination, the courts cannot interfere.   State ex rel. Styles v. Beaverstad, 12 N. D. 527, 97 N. W. 548; State v. Floyd, 22 N. D. 183, 132 N. W. 662;

State ex rel. Germain v. Ross, 39 N. D. 630, 170 N. W. 121. The court had jurisdiction of the defendant and of the offense charged. The only question before this court is, was there any evidence? We have examined the evidence with great care and it is the judgment of this court that there was some evidence and the writ must be denied.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.