Counsel for the petitioner has filed a petition for a rehearing in which it is strongly urged that the court, in the opinion filed, misconstrued the juvenile court law and misapplied elementary legal principles.
In the opinion assailed this court held, in substance, that the juvenile court act did not operate to divest the district court of jurisdiction to try the petitioners upon the criminal charges laid against them in the informations filed by the state's attorney; and that, inasmuch as the judgment, notwithstanding it may have been erroneous, was within the jurisdiction of the court to render, the case at bar is not one in which a writ of habeas corpus should issue.
At the outset attention should again be directed to the rule, many times applied in this court, that in a habeas corpus proceeding, jurisdictional questions only may be considered. The writ will not issue for the purpose of correcting errors in the acts of courts or officers when acting within their jurisdiction. The writ cannot be used as a substitute for appeal. This court has repeatedly said that the writ is not available for the purpose of releasing a prisoner from confinement or restraint unless it be made to appear that the court, officer, or person who restrains the petitioner of his liberty is acting or has acted without jurisdiction. The judicial inquiry extends to the power of the court, magistrate, or officer to make the commitment or to restrain the prisoner of his liberty, and jurisdiction to make the judgment or the order which *Page 304 
constitutes the basis of the claim that the restraint is lawful, is as essential as is jurisdiction of the person and the subject matter. See State ex rel. Styles v. Beaverstad, 12 N.D. 527, 97 N.W. 548; State v. Floyd, 22 N.D. 183, 132 N.W. 662; Re Solberg,52 N.D. 518, 203 N.W. 898; State ex rel. Smith v. Lee, 53 N.D. 86, 205 N.W. 314. It will thus be observed that the range of the inquiry is distinctly limited. In the case before us, the only question which the court may consider is that of jurisdiction in the district court of Grand Forks county to enter judgment and to pronounce sentences upon the pleas of guilty entered by the petitioners in this proceeding. Mere irregularity or error, not going to the jurisdiction of the court, is not sufficient to entitle the petitioners to the writ. If the court had jurisdiction to pronounce judgment and sentence, error in making a decision is not reviewable in this proceeding.
Broadly stated, the primary question before us is whether the juvenile court statute divested the district court of jurisdiction to receive pleas of guilty and to pronounce judgment and sentence thereon, from prisoners under the age of eighteen years, informed against in the district court upon criminal charges, but without any preliminary or prior order from the juvenile court, authorizing or permitting such prosecutions.
The juvenile court law was passed as chapter 177, Sess. Laws 1911. As originally introduced, the bill creating the court, conferred jurisdiction of delinquent juveniles upon the county court. In the course of passage, the bill was amended so as to continue this jurisdiction in the district court, sitting and acting as a juvenile court. A fundamental change was also made in § 27, of the Act. Comp. Laws 1913, § 11,428. In the bill, as introduced, § 27 was simply a general repeal of existing acts "inconsistent with or in conflict with the purview of this act." The amendment, adopted during passage, throws a flood of light upon the intended scope of juvenile jurisdiction. There would have been more force to counsel's contention had the act contained merely the general repealing clause which in most instances adds little to the effect of the new act as a repeal of prior inconsistent legislative enactments. We must assume that the legislature had a definite purpose in view when, during the course of passage, § 27 was stricken, and the present § 11,428, Comp. Laws 1913, substituted in its place. Section 27 (§ 11,428), as passed, reads as follows: *Page 305 
"This act shall be construed to repeal existing laws in conflict with this act under and by which dependent, neglected and delinquent children as defined by this act might be arrested, complained against, committed, confined or taken into or placed in custody, in justice courts or police courts, but as to all other laws it shall be construed as cumulative and not as exclusive." This repealing clause is unusual in language and in form. It was evidently framed with care and a deliberate purpose to accomplish a result which the legislature did not believe would follow from the stereotyped repealing clause which customarily is appended to legislative acts. Consideration of the meaning and effect of this section will be in order later.
Section 11,281, Comp. Laws 1913, as amended by chapter 193, Sess. Laws 1915 appears first as chapter 164 of the Sess. Laws of 1890. Under this statute the district court has had jurisdiction to commit offenders, under 18 years of age, — in 1913 the age was changed to twenty years — in its discretion to the reform school, now known as the training school. Section 11,282, provides that for the purpose of effectuating the intent of the preceding section, all persons, regardless of sex, shall be deemed minors until the age of twenty-one. Section 11,283, Comp. Laws 1913, which appears as § 11, of chapter 164, Sess. Laws 1890, prescribes the procedure in the case of an offender under the age of eighteen when such person has been convicted of a public offense before a justice of the peace, or in any court other than a district court of the state. This section is probably superseded by the provisions of the juvenile court law, which deprive justices of the peace and police magistrates of jurisdiction to try and sentence offenders under eighteen years of age. This concession, however, cannot be properly made with respect to § 11,281, supra. The district court, under that section, has jurisdiction of offenders under twenty years of age, who are tried on criminal charges in the district court and has had such jurisdiction over offenses by persons under eighteen years without interruption for thirty-five years. It was not until 1913, two years after the passage of the juvenile court law, that the age limit was raised from eighteen to twenty years. We think it must be assumed that the re-enactment of this section in 1913 and again in 1915, evidences a legislative recognition of the fact that the district court still had jurisdiction to try offending minors notwithstanding the enactment of the juvenile court law. *Page 306 
Section 11,422 Comp. Laws 1913, states the purpose the legislature had in mind. It is there said that in case of delinquency, it is the purpose of the law "that as far aspracticable, any delinquent child shall be treated, not as a criminal, but as misdirected and misguided, and needing aid." (Emphasis is ours.) In other words, the legislature did not intend by the juvenile act to deprive the district court of jurisdiction to try juvenile offenders in the first instance and in all cases, but only to provide that "as far as practicable,"
all juvenile offenders should first be brought into the district court, sitting as a juvenile court; and in all cases inferior courts, like the police court and justice court, are divested of jurisdiction to try juvenile offenders or pronounce sentence upon them.
The legislative intent, with respect to the arrest of juvenile offenders, is so clearly expressed in § 11,416, Comp. Laws 1913, that no comment seems necessary. To bring a juvenile, under the age of eighteen years, before a justice of the peace or a police magistrate for the purpose of a preliminary examination is in manifest defiance of the statute. The act specifically provides that a child under eighteen years, if arrested, shall not be taken before such an officer, but shall be "given into the care of a juvenile officer of said county." In the cases before us, as said by the counsel for the petitioner, the proceedings before the magistrate were wholly irregular and contrary to the statute; and it was the plain duty of the officers, including the state's attorney, who had any connection with their arrest, to give the boys "into the care of the juvenile officer of" Grand Forks county. The fact remains however, that errors in these respects do not amount to such jurisdictional defects as justify the issuance of the writ of habeas corpus.
Primarily, jurisdiction over juvenile offenders is in the district court, sitting as a juvenile court. Of this, all police officers and state's attorneys should take notice. The juvenile court has the discretionary power to order a criminal prosecution in the usual course. Comp. Laws 1913, § 11,412. If, however, a juvenile comes into the district court, pleads to and is tried on an information and the court imposes a sentence after conviction, or upon a plea of guilty, we are constrained to hold that the district court, as such, is not without jurisdiction to pronounce judgment, or to send the prisoner to the State Training school. Comp. Laws 1913, §§ 11,428 and 11,281. In the cases at bar, *Page 307 
the district court recognized the criminal prosecutions and did not direct further proceedings to be had in the juvenile court. It could, on its own motion or on the suggestion of the prisoners, have terminated the criminal prosecutions and given the youthful offenders to the care of the juvenile officers. In most cases this should be done, especially if it be not impracticable to deal with prisoners under the juvenile court law. Such is clearly the spirit of legislation on this subject. The discretion in this behalf is that of the district court, not that of the state's attorney, as seems to be the view of counsel for the petitioner.
The legislative purpose is clearly evidenced by the repeal clause. There the intent to divest justice courts and police courts of all jurisdiction is made unmistakably clear; on the other hand the purpose not to divest the district court of jurisdiction is equally manifest. All statutes giving the police and the justice courts jurisdiction over juvenile offenders are expressly declared to be repealed; but as to all other laws, like for example, § 11,281, supra, the juvenile act is supplementary and not a repeal — "cumulative and not . . . exclusive." We see no escape from the conclusion that such was the deliberate and clearly expressed legislative intention. Whether this be wise or unwise is not for this court to say. All the dire consequences pictured by counsel for the petitioners, all the confusion he anticipates, may follow from this interpretation of the law. It is not our province to amend or rewrite statutes so as to prevent results which may seem unwise or unfortunate; our duty is performed and our power is exhausted when we have declared the meaning of the statute.
Our conclusion that the legislature deliberately left jurisdiction in the district court disposes of the contention that the juvenile court law must be construed as extending the age of capacity to commit crime, from seven to eighteen years, and as, in that respect amendatory of § 9207, Comp. Laws 1913. That result may necessarily and properly follow under the statutes of Oklahoma and Missouri, according to the decisions cited by counsel. It can not follow under the express statutory reservation to which we have called attention, continuing jurisdiction in the district court over juvenile offenders. Apparently no such provision is found in the statutes of Missouri or Oklahoma.
It is alleged in the application for the writ, that prior to the plea *Page 308 
of guilty, the applicants received a solemn promise from the state's attorney of immunity from penalties, or of suspended sentences, in certain contingencies, and particularly so in the case of John Neville; and that the state's attorney notified the trial judge that such promise and assurance had been made; but that, notwithstanding such promises and in complete disregard thereof, the district court accepted the pleas, and proceeded to sentence petitioner Neville, and the other applicants. It is then stated in the application that the petitioners neglected to take any steps to protect their rights in reliance upon the promises and assurances thus given. The return of the sheriff does not controvert these allegations, and, in substance, the state's attorney, upon the oral argument, admitted that they were true. It is not suggested that the state's attorney did not in good faith endeavor to carry out the promises. It goes without saying that the state owes the defendant in a criminal action, whether he be of age or a minor, complete good faith. A plea procured in the circumstances detailed in the application, should not be accepted and made the basis of a judgment. A judgment of conviction and a sentence, either to the penitentiary or of confinement in the training school, made in such circumstances, would seem to be so palpably erroneous that in a proper proceeding and upon a proper application, it would and should be vacated with permission to the defendants to withdraw their pleas and take whatever steps they may deem proper to protect their rights. As we have pointed out, however, this court has no power in a habeas corpus proceeding to correct errors of this sort. It should be unnecessary to dwell at greater length upon the reasons which preclude this court from correcting an erroneous judgment in the respects mentioned; and our conclusion, that, on habeas corpus, following the statutes and time-worn precedents of this court, we have no such power, should not be construed as an expression of approval of what may or may not have taken place in the court below. It would indeed be an illustration of the statement made by counsel in his petition for a reargument, that "hard cases make bad law," were we to undertake to correct mere irregularities on habeas corpus because they are more than ordinarily glaring and more than usually calculated to appeal to the sympathies and to our sense of justice.
The interpretation we have given the statutes, makes it clearly *Page 309 
unnecessary to decide when or in what circumstances, if ever, a juvenile may waive any rights or provisions under the juvenile court law.
The petition for rehearing is denied.
CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and BIRDZELL, JJ., concur.