## RICHARDS v. MATTESON *et al.*

1. Inquiry upon *habeas corpus* is limited to the grounds enumerated in Section 7841 of the Compiled Laws.

2. Where a want of jurisdiction does not expressly or by necessary implication appear, the jurisdiction of a court of record to make an order relating to a subject over which it has general original jurisdiction will be presumed.

3. When, in a proper proceeding under the statute, it reasonably appears to the satisfaction of the judge of the county court that for a period of one year a mother has abandoned her illegitimate child, an order of adoption may be made without the consent and against the objection of such mother.

(Syllabus by the Court.   Opinion filed Dec. 16, 1895.)

Appeal from circuit court, Meade county. Hon. A. J. PLOWMAN, Judge.

Petition for a writ of *habeas corpus*. From an order granting the prayer of petitioner, defendants appeal. Reversed.

The facts are stated in the opinion.

*Ralph H. Kirk,* for appellants.

Judgments upon *habeas corpus* cannot be attacked, however erroneous they may be, on appeal or writ of error, where juris-

diction of the person and subject matter has been acquired.
Williamson's Code, 26 Pa. St. 9; 67 Am. Dec. 374. *Habeas corpus* proceedings cannot be converted into a writ of error.
Platt v. Harrison, 6 Ia. 79; *Ex-parte* Holman, 28 Ia. 88; *Ex-parte*
Watkins, 3 Pet. 193; Robb v. McDonald, 29 Ia. 330; Jackson v.
Boyd, 53 *Id.* 536; Zelle v. McHenry, 51 *Id.* 572; *Ex-parte* Shaw,
7 O. St. 81.

*Rice & Polley*, for respondent.

FULLER, J.   In the circuit court a writ of *habeas corpus*
was awarded upon the petition of Elizabeth Richards, alleging
that Bessie Richards, the illegitimate infant daughter of the
relator, was unlawfully detained and restrained of her liberty
by Lafayette Matteson and Sophia E. Matteson, by virtue of
the following order of the county court:  "State of South
Dakota, County of Meade—ss.:  County Court in and for said
County.  In the matter of the petition of Lafayette Matteson
and Sophia E. Matteson, for an order declaring Bessie Richards,
daughter of  Elizabeth Richards (unmarried), to be their
adopted child.   And now, on this 10th day of October, 1893, the
above cause coming on to be heard upon the petition and proofs
adduced in support of the facts therein stated, and it appear-
ing to the court from the petition and evidence herein that said
petitioners are residents of said Meade county, and desire to
adopt said child, that said child is a female of the age of one
year on the 14th day of March, 1893, and, further, that the pe-
titioners desire that the name of the said child be changed to
that of Bessie Matteson, that the mother of said child is living,
and objects to said adoption, upon careful investigation the
court finds that on the 14th day of February, 1893, Elizabeth
Richards, the mother of said child, petitioned this court to
have said child adopted by the above named Lafayette Matte-
son and wife, and that, in accordance with said petition and the
expressed wish of the said Elizabeth Richards, these petition-
ers took said child, Bessie Richards, to their home (with the

intention of adopting her), on the 12th day of June, 1893, and that ever since that time they have treated said child as their own; and it further appearing to the court that the mother of said child has failed to provide her with a home, and abandoned her, for more than a year, and that she is incapable of caring and providing for said child, and that it would therefore be to the interest of said child to become the adopted child of said petitioners: It is therefore ordered and adjudged by the court that the said Bessie Richards be the adopted child of the said petitioners, and capable of inheriting their estates, that the name of said child be changed to that of Bessie Matteson, and that said petitioners pay the costs of this proceeding. Oris W. Jewett, County Judge.'' In obedience to the requirements of the writ, the infant above mentioned was brought into court by Lafayette Matteson and Sophia E. Matteson, who, in making a return as to the cause of detention, care, and custody of said child, relied upon and sought to justify under the foregoing order of the county court. From an order of the circuit court, directing that said Bessie Richards be taken· from their care and custody, and restord to the petitioner, Elizabeth Richards, Layfette and Sophia E. Matteson appeal.

If the county court had jurisdiction to make the order of October 10, 1893, upon which both parties wholly rely for the purpose of this appeal, it is frankly conceded that the order of the circuit court cannot be sustained. No claim is made that the subject matter was not within the jurisdiction of the county court, nor that said court was illegally constituted; but counsel for respondent contend that it affirmatively appears upon the face of the order of adoption that the facts justifying said order did not exist, and that the court was therefore without jurisdiction to make the same. Sec. 2625 of the Compiled Laws, as amended by Chap. 3, Laws 1890, provides that: ''A legitimate child cannot be adopted without the consent of its parents, if living, nor an illegitimate child without the consent of its mother, if living, except that consent is not necessary from a

father or mother  *  *  *  who has abandoned or willfully
failed to provide for such child for a period of one year.   Such
abandonment or willful failure to provide shall be shown to the
satisfaction of the judge of the county court, of the county in
which the adoption proceedings are instituted.   *  *  *"   The
order recites "that the mother of said child had failed to pro-
vide her with a home, and abandoned her for more than a
year," and the particular portion of said order which counsel
for respondent claim to be sufficient to refute such recital, and
conclusively show that there had been no abandonment of the
child on the part of its mother, is the following:   "That the
mother of said child is living, and objects to said adoption, and
appears in court with her objections;" and in further support
of the position it is confidently maintained that the recital of
said order which relates to the proceeding on the part of said
mother instituted in the same court on the 14th day of Febru-
ary, 1893, for the purpose of having said child adopted by these
defendants, is entirely inconsistent with, and destroys the
effect of, the finding that said mother had abandoned her child
for more than a year.   If silent as to jurisdictional facts, the
order of adoption relied upon, having been made by a court of
record, clothed with original jurisdiction of the subject matter,
its authority and jurisdiction would be presumed, unless by
necessary implication from the recitals of said order it appears
that something essential to the jurisdiction of the court had
been, omitted, or that the required statutory conditions did not
exist.   Hurd, Hab. Corp. 366.   Unless the appearance and ob-
jection of the mother to the adoption of her child by the defend-
.ants, and the fact that eight months prior to the date of the
order under consideration she had in person applied to the
court for a similar order, are sufficient to show that she had
not abandoned her child for a period of one year prior thereto,
the recital of abandonment contained therein will be regarded
as a verity, and the order appealed from must be reversed.   In
our opinion, the voluntary acts of Elizabeth Richards in mak-

ing an application to the county court for an order by virtue of which she would be legally relieved of any responsibility as to the care or maintenance of 'her child, and the relinquishment thereof to the defendants, with the express desire that they assume the relation and stand in the place of its father and mother, are, in contemplation of the statute, entirely consistent with the view that she had prior to that time, with intent to surrender the superior claim of a mother, adandoned the child. That being true, her consent was unnecessary, and her objections unavailing.

The case not being here upon its merits, but upon *habeas corpus*, our inquiry is limited to the question of the jurisdiction of the county court to make the order of adoption, and from the recitals of said order it cannot be said that the county court exceeded the limit of its jurisdiction in any particular. The order of the circuit court from which the appeal is taken is reversed, and the case remanded for further proceedings in accordance with this opinion.