LEWIS R. CORNWELL *vs.* FRATERNAL ACCIDENT ASSOCIATION.

Opinion filed November 19th, 1896.

**Violation of Game Laws—Accident Insurance.**

> One who has started to hunt prairie chickens with a loaded gun at a season of the year when it is unlawful to kill prairie chickens has not, by such act, committed the offense of attempting to kill prairie chickens.

**Unnecessary Danger—Voluntary Exposure.**

> One who hunts for game with a loaded gun cannot be said to have voluntarily exposed himself to unnecessary danger by such act, within the meaning of the provision in an accident insurance policy which declares that, for injuries sustained by reason of a voluntary exposure to unnecessary danger, there can be no recovery.

**Scaling Bank With Loaded Gun.**

> Nor is an attempt to scale a bank with a loaded gun in hand a voluntary exposure to unnecessary danger, within the meaning of such a provision.

Appeal from District Court, Ransom County; *Lauder*, J.

Action by Lewis R. Cornwell against the Fraternal Accident Association of America. Judgment for plaintiff. Defendant appeals.

Affirmed.

*T. A. Curtis*, for appellant.

*P. H. Rourke*, for respondent.

CORLISS, J.   From a judgment in favor of the plaintiff, based upon a verdict in his favor directed by the court, the appeal in this case was taken.,  The object of the action was to recover the amount due under an insurance policy issued by defendant to the plaintiff.   Among other provisions, the policy contained one entitling the plaintiff to $1,000 for the loss of a hand through external, violent, and accidental means.   The plaintiff lost his left hand by the accidental discharge of a gun he was carrying.   Only two defenses are relied on.   The facts do not appear to be in controversy.

It is first urged that the plaintiff was injured while violating the laws of this state.   The policy declares that it does not cover injuries resulting wholly or partly, directly or indirectly, from violating rules or laws of a corporation.   We shall assume, for the purposes of this case, that this language embraces the laws of this state, and does not relate solely to laws of a corporation, and rules of a corporation, as is contended by counsel for the plaintiff. What law of this state, then, was the plaintiff engaged in the violation of at the time he was injured?   He had started out with his loaded gun for the purpose of killing prairie chickens.   To have killed them at that season of the year (it being December 12th) would have been a violation of Ch. 69, of the laws of 1891. But the plaintiff was not engaged in the killing of anything at the time the accident occurred.   He was climbing a bank, and, his foot having slipped, he caught hold of a limb, and was in the act of drawing himself up by means thereof, when in some way the gun was discharged; the contents lodging in his left hand, shattering it so terribly that amputation was necessary.   The only possible ground on which it can be claimed that the plaintiff was violating the laws of this state at the time the gun was discharged, and that the injury he sustained resulted from such violation, is that he was guilty of attempting to kill prairie chickens.   Under provision of § § 7693, 7694, Rev. Codes, an attempt to commit a crime is of itself a substantive offense. Section 7693 declares that "an act done with intent to commit a

crime, and tending but failing to affect its commission, is an attempt to commit that crime;" and § 7694 provides that "every person who attempts to commit a crime and in such attempt does any act toward the commission of such crime, but fails or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows," etc. It is too clear for discussion that, at the time the plainff was injured, he had not done any act tending to effect the commission of the offense of killing prairie chickens out of season. Intent had ripened into preparation. But the plaintiff had not, in deeds, passed beyond the point of preparation, and entered upon the execution of his criminal project. It is impossible to formulate a rule which will constitute an unerring guide in assigning to cases which occupy the debatable ground their respective places upon one side or the other of the line which separates preparation from legal attempt. The question must, from its very nature, always remain difficult of solution. The wisest course for tribunals to pursue with respect to it is to deal with each cause as it arises, in the light of a few general principles applicable to such cases. We shall content ourselves with the statement of our conclusion that the plaintiff had not, within the meaning of our law, attempted the killing of prairie chickens, although he had formed the purpose to shoot them, and had made preparations to accomplish such object. The authorities fully sustain our view. *Mulligan* v. *People*, 5 Parker, 105; *State* v. *Clarissa*, 11 Ala. 57; *Hicks* v. *Com.*, (Va.) 9 S. E. Rep. 1024; *Stabler* v. *Com.*, 95 Pa. St. 318; *State* v. *Butler*, (Wash.) 35 Pac. Rep. 1093; *People* v. *Murray*, 14 Cal. 159; 1 Bish. Cr. Law, § § 760, 762, 764; *Reg.* v. *Cheeseman*, 9 Cox, Cr. Cas. 103; *Reg.* v. *Taylor*, 1 Fost. & F. 511.

The second ground of defense is that the plaintiff voluntarily exposed himself to unnecessary danger. The policy provides that it shall not cover such injuries as result from voluntary exposure to unnecessary danger. There is no merit in this defense, under the facts of this case. It will hardly be insisted

that one who, in the ordinary way, hunts for game, has by such an act exposed himself to unnecessary danger, within the meaning of such a provision in an insurance policy. Nor can it be said that the plaintiff voluntarily exposed himself to unnecessary danger by assaying to scale the bank, or by attempting to draw himself up the bank with his left hand, while the loaded gun was held in his right hand. We cannot say that this act was one which reasonable men would pronounce dangerous. To go through a dense thicket with the hammer of a gun raised, and the muzzle pointed towards one, would be to voluntarily expose oneself to unnecessary danger. But no reasonably prudent man would have deemed it probable, or even possible, that injury would result from scaling a bluff with a loaded gun in hand. The danger was a hidden danger. No one can be said to have voluntarily exposed himself to unnecessary danger when no hazard is visible to an ordinarily prudent man. He would justly be chargeable with having voluntarily exposed himself to unnecessary danger who should essay to leap a wide and deep chasm. But no such charge could be laid at the door of one who, in the night, should unexpectedly walk into an unprotected ditch. The authorities fully sustain our ruling upon this point. *Keene* v. *Association*, 161 Mass. 149, 36 N. E. Rep. 891; *Jones* v. *Association*, (Iowa,) 61 N. W. Rep. 485; *Burkhard* v. *Insurance Co.*, 102 Pa. St. 262; *Association* v. *Osborn*, 90 Ala. 201, 9 South. 869; *Miller* v. *Insurance Co.*, 92 Tenn. 167, 21 S. W. Rep. 39. See, also, 1 Am. and Eng. Enc. Law, (2d Ed.) 309; May Ins. § 409; *Indemnity Co.* v. *Dorgan*, 7 C. C. A. 581, 58 Fed. Rep. 945; *Follis* v. *Association*, (Iowa,) 62 N. W. Rep. 807; *Investment Co.* v. *Martin*, 32 Md. 310; *Marx* v. *Insurance Co.*, 39 Fed. Rep. 321; *Sutherland* v. *Insurance Co.*, 87 Iowa, 505, 54 N. W. Rep. 453.

The judgment of the District Court is affirmed. All concur.