STATE OF NORTH DAKOTA EX REL. HARRY SMITH (Alias Wyley Mullenax), Petitioner, v. JOHN LEE, as Warden of the State Penitentiary, Respondent.

(205 N. W. 314.)

**Habeas corpus — writ invoked only when petitioner is confined without jurisdiction.**

1. The Writ of Habeas Corpus can be invoked only when petitioner is confined without jurisdiction.

**Habeas corpus — does not lie where court had jurisdiction of offense and of accused.**

2. In the case at bar, the court had jurisdiction of the offense and of the defendant, hence Habeas Corpus does not lie.

Opinion filed August 4, 1925.  On Reargument August 14, 1925.

Habeas Corpus, 29 C. J. § 19 p. 25 n. 4; § 20 p. 32 n. 25.

Petition for Writ of Habeas Corpus.

Writ denied.

*F. O. Hellstrom,* for petitioner.

*Geo. F. Shafer,* Attorney General, and *John Thorpe,* Assistant Attorney General, for respondent.

BURKE, J.  The defendant, Harry Smith, petitions this court for a writ of habeas corpus, claiming that he is unlawfully imprisoned in the penitentiary of North Dakota, by one John Lee, Warden of the State Penitentiary.  Accompanying his petition are the records of his case in the district court in and for Grand Forks county, from which it appears that on the 22nd day of May, 1916, the state's attorney of Grand Forks county filed a complaint against the defendant, charging him with murder in the first degree; that he was brought into justice court on said complaint; waived examination, and was held to the next term of the district court.  On the 23rd day of May, 1916, the said state's attorney filed an information charging the defendant with mur-

Note.—(1) Want of jurisdiction as grounds for habeas corpus, see 12 R. C. L. 1194; 2 R. C. L. Supp. 1570; 4 R. C. L. Supp. 789.

der in the first degree. It appears from the criminal court calendar that on the 23rd day of May, 1916, defendant was arraigned and pleaded guilty to the offense charged in the information. The defendant was sentenced to be confined in the state penitentiary, at hard labor, at Bismarck, Burleigh county, North Dakota, for, and during, his life. The record of the clerk of the court for the May, 1916, term shows: that on the 23rd day of May, 1916, the state's attorney and the defendant came into court, that being the day fixed by the court for pronouncing of judgment on the defendant for the crime of murder in the first degree, as charged in the information, against said defendant; that the defendant was informed by the court of the nature of the information, and of his plea of guilty, and being asked whether he had any legal cause to show why judgment should not be pronounced against him, and no cause being shown, the court does adjudge, and the sentence of the court is, that said Harry Smith be imprisoned in the penitentiary at Bismarck, county of Burleigh, and state of North Dakota, for, and during his life, commencing at 12 o'clock noon of this day.

The contention of the defendant is that the sentence is void on the ground and for the reason that his plea of guilty of murder did not designate the degree of murder to which he pleaded guilty, and that his sentence is void under § 9480, Comp. Laws 1913, which reads as follows:

Sec. 9480: "Whenever any person prosecuted for murder or manslaughter pleads guilty, he shall, in his plea, designate whether he is guilty of murder in the first degree or in the second degree, or of manslaughter in the first degree or in the second degree, and the court shall, if said plea is accepted, determine the punishment to be inflicted therefor within the limits prescribed by law, and enter judgment against such person in accordance with such determination."

The defendant relies upon the case of State v. Noah, 20 N. D. 281, 124 N. W. 1121, in which case said statute was construed and in which it was held that the failure of the court to require the defendant to designate the degree of murder to which he pleaded guilty was error. The case of State v. Noah was not before the court on habeas corpus, but on appeal, and the court did not hold that the judgment in said case was void and without jurisdiction, but does hold that the sentence

without requiring the defendant to designate the degree of murder was error and the case was sent back for a new trial.

. It is the contention of the defendant that habeas corpus will lie in this case for the reason that the time for appeal has gone by. There is hardly any question of law, however, that is better settled than that habeas corpus lies only where the petitioner is confined without jurisdiction.

In the case of State v. Floyd, 22 N. D. 183, 132 N. W. 662, Judge Morgan, who wrote the opinion in the case of State v. Noah, supra, holds:

"It is elementary law that in habeas corpus proceedings jurisdictional questions only are reviewable or to be considered. The writ cannot be invoked for the purpose of reviewing the acts of courts or officers, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal or writ of error. Before the writ is available as a means of release from confinement, it must appear that the court issuing the process, or the officer or person who keeps the applicant in confinement, has acted entirely without jurisdiction. Our statute particularly lays down the grounds on which the writ will issue, and the substance of the statute is embodied in the statement given above. . . . .

"It appears from the record before us that the petitioner was before the district court on trial under an information charging him with the crime of robbery, and that said court had jurisdiction of that offense, and of the person of the petitioner. . . ." Re Solberg, 52 N. D. 518, 203 N. W. 898; State v. Barnes, 29 N. D. 165, 150 N. W. 557; Ann. Cas. 1917C, 762.

In the case at bar, the defendant was brought into the district court of Grand Forks county, charged with the crime of murder in the first degree, committed in the county of Grand Forks and state of North Dakota. The court had jurisdiction over the offense and over the person of the defendant, and the failure to have the defendant designate the degree of murder to which he pleaded guilty, was not jurisdictional.

In the case of State ex rel. Styles v. Beaverstad, 12 N. D. 527, 97 N. W. 548, it is held that only questions of jurisdiction can be considered on habeas corpus.

A late New York case, People ex rel. Doyle v. Atwell, 232 N. Y. 96, 25 A.L.R. 107, 133 N. E. 364, states:

"The court before whom one is brought by habeas corpus simply inquires whether or not the court rendering judgment had jurisdiction to do so, and if it had, and the mandate is regular on its face, the writ is dismissed.

"A conviction for murder upon a verdict which fails to specify the degree of murder, when the law divides it into degrees, the punishment varying according to the degree, although erroneous, is not a jurisdictional defect, and the judgment thereon is not void, so as to entitle the person convicted to be discharged upon habeas corpus.

"When a court has jurisdiction by law of the offense charged, and of the party who is so charged, its judgments are not nullities which can be collaterally attacked. The writ of habeas corpus cannot be made to perform the functions of a writ of error." Re Eckart, 166 U. S. 481, 41 L. ed. 1085, 17 Sup. Ct. Rep. 638; Hogan v. State, 30 Wis. 428, 11 Am. Rep. 575; Scott & R. Habeas Corpus, p. 85; Re McNaught, 1 Okla. Crim. Rep. 528, 99 Pac. 241; Re Hayward, 62 Cal. App. 177, 216 Pac. 14; Ex parte Wilkins, 7 Okla. Crim. Rep. 422, 115 Pac. 1118; Ex parte Burroughs, 10 Okla. Crim. Rep. 87, 133 Pac. 1142.

"On habeas corpus after a conviction, the inquiry is limited to the question of jurisdiction." Re Ambler, 11 Okla. Crim. Rep. 449, 148 Pac. 1061.

The writ is denied.

CHRISTIANSON, Ch. J., and BIRDZELL, JOHNSON, and NUESSLE, JJ., concur.

On reargument.

BURKE, J. On reargument, appellant concedes that the writ of habeas corpus can be issued only in case the court has acted without jurisdiction, or has exceeded its jurisdiction, and it is his contention that the court exceeded its jurisdiction in accepting the plea of the defendant and imposing a life sentence thereon; that the action of the court was void for want of jurisdiction and that, therefore, the writ should be granted.

Section 11,360 of the Code of Criminal Procedure, in relation to who is not entitled to habeas corpus, reads as follows:

*"Who not entitled to relief.*   The person in whose behalf the application is made is not entitled to relief from imprisonment or restraint under a writ of habeas corpus, if the time during which such person may be legally detained in custody has not expired, whenever it appears:

"1. That he is detained in custody by virtue of process issued by any court or judge of the United States in a case where such court or judge has exclusive jurisdiction; or,

"2. Except as provided in § 11,373, that he is detained in custody by virtue of the final order or judgment of any competent court of criminal jurisdiction or of any process issued upon such order or judgment."

Section 11,373, enumerating causes for the discharge of a person restrained of his liberty, reads as follows:

"Causes for discharge of person restrained.   If it appears on the return of the writ that the party is in custody by virtue of process from any court of this state or judge or officer thereof, such person may be discharged in any of the following cases, subject to the restrictions of § 11,360:

"1. When the jurisdiction of such court or officer has been exceeded.

"2. When the imprisonment was at first lawful, but by some act, omission or event which has taken place afterward, the party has become entitled to a discharge.

"3. When the process is defective in some matter of substance required by law rendering such process void.

"4. When the process though regular in form has been issued in a case not allowed by law.

"5. When the person having the custody of the party is not the person allowed by law to detain him.

"6. When the process is not authorized by any order or judgment of any court nor by any provisions of law.

"7. When a party has been committed on a criminal charge without reasonable or probable cause.

"8. When the process appears to have been obtained by false pretense or bribery."

In the case of Richards v. Matteson, 8 S. D. 77, 65 N. W. 428, the court held that the inquiry was limited to the grounds enumerated in the foregoing section.

It is quite clear that the statute is exclusive and that the applicant for a writ of habeas corpus must show one of the causes enumerated existing before he is entitled to the writ. Appellant insists that the case of State v. Noah, 20 N. D. 281, 124 N. W. 1121, is controlling and decisive of the rights of the appellant in the case at bar; that the court in said case held that the omission of the trial judge to require the defendant to designate the degree of the crime of murder, or manslaughter, was void, and, therefore, a mere nullity upon which no judgment could be based. We cannot agree with appellant's contention. A careful reading of the case of State v. Noah, supra, shows that the question of jurisdiction was not involved. It was not before the court on habeas corpus, but on appeal, and while the court did use the term "void," it is our opinion that the term "void" was used in the sense of error, and any language in the decision from which an inference might be drawn that the judgment was void, is dicta, and no authority in the case at bar.

As stated by the Supreme Court of Minnesota, in the case of State v. Rudin, 153 Minn. 159, 189 N. W. 711: "the case of State v. Olson, 115 Minn. 153, 131 N. W. 1084, on which the relator relies is not in point for the questions involved in that case were presented on appeal from the judgment." In the case of State ex rel. Kelly v. Wolfer, 119 Minn. 368, 42 L.R.A.(N.S.) 978, 138 N. W. 315, Ann. Cas. 1914A, 1248, the court says: "If the court *has jurisdiction of the person and the subject matter* and could render a judgment upon a showing of any *sufficient state* of facts, any judgment which it may render, however erroneous, irregular or unsupported by evidence will be sustained as against an attack by habeas corpus." State ex rel. McDonald v. Riley, 116 Minn. 1, 133 N. W. 86. This is applicable to the case at bar. "If upon a showing of any sufficient state of facts, the judgment is not void, and will be sustained against an attack on habeas corpus." Now what does the record show? It shows that the state's attorney of Grand Forks county filed a complaint against the appellant on the 21st day of May, 1916, as follows:

"That heretofore, to wit: On the 21st day of May in the year of

our Lord one thousand nine hundred and sixteen within the county
of Grand Forks in said state of North Dakota, one Harry Smith late
of said county of Grand Forks, and state aforesaid did commit the
crime of murder in the first degree committed as follows: to-wit: That
at said time and place the said Harry Smith did wilfully, unlawfully,
feloniously, of his deliberately premeditated malice aforethought and
with the premeditated design to effect the death of one Mary Cain,
make an assault upon the said Mary Cain with a deadly weapon, to-wit:
a certain 38-calibre revolver, which was then and there loaded with gun-
powder and not less than two leaden bullets, the exact number of which
bullets is unknown to informant, and by him, the said Harry Smith,
then and there held, and that he, the said Harry Smith, did then and
there wilfully, unlawfully, feloniously, of his deliberately premeditated
malice aforethought and with the premeditated design to effect the death
of the said Mary Cain, twice shoot off and discl.  re the said revolver;
at, into and upon the body of the said Mary Cain, thereby and by
thus striking and penetrating the said Mary Cain with the said leaden
bullets, inflicting on and upon the body in and about her chest and
abdomen a mortal wound, of which said mortal wound the said Mary
Cain then and there died.  And so the said Harry Smith, did, in
manner and form aforesaid, wilfully, unlawfully, feloniously, of his
deliberately premeditated malice aforethought, and with the premedi-
tated design to effect death, kill and murder the said Mary Cain.''

Said appellant waived examination and was held to the district
court to answer to the indictment or information as provided by law;
that on the 22nd day of May, 1916, the state's attorney filed in the
district court an information containing all of the allegations in the
complaint filed in the justice court and charging the defendant with
murder in the first degree.  The criminal court calendar kept by the
trial judge, and in which his notes are made, as provided by law, shows
that on the 23rd day of May, 1916, appellant, Harry Smith, alias
Wiley Mullenax, appeared in court; was arraigned and plead guilty
to the offense charged in the information and was sentenced to con-.
finement in the state penitentiary, at hard labor, in Bismarck, Bur-
leigh county, North Dakota, for and during his life.  This was not an
excessive judgment or sentence, for that is the sentence provided by
law for murder in the first degree.  No other sentence could be im-

posed for that crime, and, therefore, since the court accepted the plea and construed the same to be a plea of guilty of murder in the first degree, the sentence was not an excessive sentence and not void. If there was any error, it was not in the imposing of the sentence, but in the failure of the judge to require the defendant to designate the degree of murder, or manslaughter, he was pleading guilty to before he imposed sentence.

Appellant relies upon the case of State ex rel. Elms v. Brown, 149 Minn. 297, 183 N. W. 669, and even quotes from said case as follows:

"It is only when the court pronounces a judgment in a criminal action which is not authorized by law under any circumstances in a particular case made by the pleadings, whether the trial has proceeded regular or otherwise, that such judgment can be said to be void, so as to justify the discharge of the defendant held in custody by such judgment."

What does this language mean? It is quite clear that it means that when the court pronounces a judgment in a criminal action, which is not authorized by law, under any circumstances in the particular case made by the pleadings, it is void. It follows, of course, that if the judgment could have been made under any circumstances in the particular case made by the pleadings, it would not be void. The pleading in the case at bar is that the defendant committed murder in the first degree. The judge's notes show that he plead guilty to the offense as alleged in the information. No discrepancy between plea and the pleading and hence the judgment is not void under the case of State ex rel. Elms v. Brown, supra.

The appellant also relies upon the case of Stevens v. McClaughry, 125 C. C. A. 102, 207 Fed. 18, 51 L.R.A.(N.S.) 390. In this case, the defendant was convicted of larceny of a mail pouch containing registered letters and also of larceny of registered letters and embezzlement of their contents, committed at the same time and place and as a part of the continuous criminal act. The court held that to separate the punishment was beyond the jurisdiction of the court and void as to the excess upon the maximum punishment that may be imposed for a single offense, and after the defendant had satisfied such a sentence he is entitled to his release by habeas corpus. No question but what in a similar case, under our statute, the defendant would be entitled

to the writ under the first clause of § 11,373, the court having exceeded its jurisdiction, but he would not be entitled to it until he had served the first sentence which was entirely legal and within the jurisdiction of the court, but such case is no authority in the case at bar.

Judge Miller of the United States Supreme Court, in the case of Ex parte Lange, 18 Wall. 163, 21 L. ed. 872, states the rule as follows:

"If a justice of the peace, having jurisdiction to fine for a misdemeanor, and with the party charged properly before him, should render a judgment that he be hung, it would simply be void. Why void? Because he had no power to render such a judgment. So if a court of general jurisdiction should, on an indictment for libel, render a judgment of death, or confiscation of property, it would for the same reason, be void. Or if, on an indictment for treason, the court should render a judgment of attaint, whereby the heirs of the criminal could not inherit his property, which should, by the judgment of the court, be confiscated to the State, it would be void as to the attainder, because in excess of the authority of the court, and forbidden by the Constitution."

See also Ex parte Selig, 29 N. M. 430, 223 Pac. 97; State ex rel. Hinrichs v. Lockwood, 155 Minn. 263, 193 N. W. 113; Devault v. Sampson, 114 Kan. 913, 221 Pac. 284; Re Wignall, 193 Cal. 387, 224 Pac. 452.

The writ is denied.

CHRISTIANSON, Ch. J., and JOHNSON and NUESSLE, JJ., and BERRY, Dist. J., concur.

BIRDZELL, J., did not participate; BERRY, Dist. J., sitting in his stead.