This is an original application for a writ of habeas corpus which was presented to this court after a denial of the application by Honorable A.T. Cole, one of the Judges of the first judicial district.
The undisputed facts in the case are as follows: A criminal complaint was filed against the defendant in justice's court in Cass county; and such proceedings were had that on July 23d 1923, an order was made by J.K. Bingham, justice of the peace, to the effect that the said defendant "be held to answer upon a charge of bootlegging;" and that *Page 180 
defendant be admitted to bail in the sum of $1,000. Defendant furnished a bail bond, executed by herself and two sureties. The bond was conditioned: "that the above-named Anna Cook will appear and answer the charge above mentioned in whatever court it may be presented and will at all times hold himself amenable to the orders and process of the court, and if convicted will appear for judgment and render himself in execution thereof if he fails to perform either of these conditions that he will pay to the State of North Dakota the sum of one thousand and no/100 dollars."
Thereafter an information was filed in the district court of Cass county charging the defendant with the crime of bootlegging. A trial was had and on December 18th, 1923, the jury returned a verdict finding the defendant guilty of the crime of bootlegging. On the 21st day of December, 1923, the defendant was sentenced, pursuant to the verdict, by the Honorable Charles M. Cooley, the presiding judge of said court, to imprisonment in the Cass county jail for a term of ninety days, and to pay a fine of $200 and in default in the payment of fine imprisonment for an additional period of 100 days. On the same day that sentence was pronounced, defendant duly perfected an appeal from the judgment of conviction, by serving and filing a notice of appeal. And on that day the Presiding Judge, upon application of defendant's attorney, made and entered the following certificate:
State of North Dakota, } In District Court, County of Cass. } ss.: First Judicial District. } ----------------
State of North Dakota, } Plaintiff, } } Certificate of Probable v. } } Cause of Appeal. Anna Cook, } Defendant. } -----------------
This certifies that a notice of appeal has been taken by the defendant *Page 181 
in the above entitled action to the supreme court from the judgment of the district court herein and notice of appeal filed in the office of the clerk of this court and due service thereof made upon the states attorney of Cass county, North Dakota and that in my opinion there is probable cause for the appeal and that a continuing bail bond has been filed herein.
Given under my hand this 21 day of December, A.D., 1923.
CHAS. M. COOLEY, District Judge First Judicial District, Cass County, North Dakota.
By virtue of the proceedings so had in, and the certificate made by, the district court defendant was permitted to remain at liberty pending the appeal. On March 12th, 1926, the judgment of conviction was affirmed by this court, and upon remand of the case to the district court, defendant was apprehended and taken into custody. She thereupon applied to the Honorable A.T. Cole, one of the judges of the first judicial district for a writ of habeas corpus. The writ was refused, and thereupon an application for such writ was made to this court.
The relator bases her application upon the following statutory provisions:
"The term of imprisonment fixed by the judgment in a criminal action commences to run only from the time of the sentence of the defendant; but if thereafter, during such term, the defendant escapes or by any legal means is temporarily released from such imprisonment and subsequently returned thereto the time during which he was at large must not be computed as part of such term." Comp. Laws 1913, § 10,349.
"If the judgment is imprisonment, or a fine and imprisonment until such fine is paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with." Comp. Laws 1913, § 10,963.
"An appeal to the supreme court from a judgment of conviction, stays the execution of the judgment in all capital cases, and in all other cases upon filing with the clerk of the district court of the county in which the conviction was had, a certificate of the judge who presided *Page 182 
at the trial, or of a judge of the supreme court that in his opinion there is probable cause for the appeal, but not otherwise, except as hereinafter provided." Comp. Laws 1913, § 10,999.
"An appeal taken by the defendant does not stay the execution of the judgment in any case not capital, unless bail is put in, except when the judgment is imprisonment in the penitentiary, and an appeal is taken during the term at which the judgment is rendered, and the defendant is unable to give bail, and that fact is satisfactorily shown to the court, it may, in its discretion, order the sheriff or other officer having the defendant in custody, to detain him in custody without taking him to the penitentiary, to abide the judgment on appeal, if the defendant desires it." Comp. Laws 1913, § 11,005.
"If the offense is bailable the defendant may be admitted to bail . . . after conviction: . . .
"2. If a judgment of imprisonment has been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed, or that in case the judgment is reversed and the cause remanded for a new trial, he will appear in the court to which said cause may be remanded, and submit himself to the orders and process thereof." Comp. Laws 1913, § 11,116.
"In cases in which the defendant may be admitted to bail upon appeal, the order admitting him to bail may be made only by the supreme court or a judge thereof, or the district court before which the trial was had, or the judge presiding at such trial. . . ." Comp. Laws 1913, § 11,123.
We agree with relator's counsel that the trial court should have required the defendant to furnish a bail bond on appeal, conditioned as required by § 11,116, supra; but we are wholly unable to agree with their contentions as to the effect of the failure to furnish such bond. The judge who presided at the trial of the action was vested with jurisdiction to make a certificate of probable cause (§ 10,999); and to enter an order admitting defendant to bail (§ 11,123). The sole purpose of a certificate of probable cause is to stay the execution of a judgment of conviction pending appeal. Comp. Laws 1913, §§ 10,999, 11,000 and 11,001. In this case the defendant appealed from the judgment of conviction. After the appeal had been taken and perfected defendant's counsel applied to the judge who presided at the trial for a certificate *Page 183 
of probable cause. The trial judge granted the application and signed a certificate of probable cause, which certificate contained a recital that the defendant had filed "a continuing bond" in the case. The only reasonable interpretation to be placed upon this recital is that the trial court was of the opinion, and found, that the "continuing bond" which had been filed by the defendant was a sufficient and satisfactory bail bond on appeal and that the defendant was admitted to bail accordingly. In admitting defendant to bail the trial judge performed an act clearly within his jurisdiction. The order of the district court admitting the defendant to bail pending appeal pursuant to the continuing bond, while erroneous, was not void. In habeas corpus proceedings only jurisdictional questions can be considered. The writ cannot be invoked for the purpose of reviewing the acts of courts and officers where they acted within their jurisdiction, nor for the purpose of correcting mere irregularities or errors. State ex rel. Smith v. Lee, 53 N.D. 86,205 N.W. 314.
Ordinarily, "suspending, staying or delaying the execution of a sentence for a reasonable time, is not ground for discharge on habeas corpus, particularly where the delay is on the application of, or caused by, the prisoner." 29 C.J. p. 57.
But leaving all question of remedy on one side, we are unable to see any merit in the claim of the relator that the term of imprisonment fixed by the judgment of conviction has expired. The relator was sentenced by the district court of Cass county to a term of imprisonment in the county jail of that county. At the time of such sentence she was at liberty under a certain bail bond then on file in that court. Immediately after the rendition of the judgment of conviction she appealed therefrom to the supreme court. The appeal did not stay the execution of the judgment, but the judge who presided at the trial was empowered to grant a stay. The defendant applied to the judge who presided at the trial for a stay of execution. The stay was granted; the trial judge entered a certificate of probable cause, admitted the defendant to bail and accepted a "continuing bond" then on file as a satisfactory bail bond. These acts of the trial judge were all performed, and his orders were all made, upon the application of the defendant. Whatever error the trial court committed was committed at defendant's invitation and operated to her distinct advantage and not to her prejudice. *Page 184 
The provisions permitting a defendant in a criminal action to apply for, and obtain, a stay of execution of a sentence of imprisonment pending appeal, are for the benefit of the defendant; the provision requiring such defendant to put in bail in order to obtain such stay is for the benefit of the state. The failure on the part of the court to exact such bail from the defendant can in no event prejudice the defendant. Even on appeal a party will not be permitted to take advantage of errors which he himself, committed or invited or induced the trial court to commit. 4 C.J. 700. "He who consents to an act is not wronged by it." Comp. Laws 1913, § 7249. "Acquiescence in error takes away the right of objecting to it." Comp. Laws 1913, § 7250. It is a fundamental rule of the criminal procedure of this state that "neither a departure from the form or mode prescribed . . . in respect to any pleadings or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right." Comp. Laws 1913, § 11,088. In this case the departure from the mode prescribed did not tend to prejudice the defendant. She was released from the imprisonment fixed by the judgment of conviction by virtue of the orders of the trial court — orders which she had requested the court to enter, and which were more favorable to her than the terms of the statute warranted.
The petition for a writ of habeas corpus is denied.
JOHNSON, BURKE, BIRDZELL, and NUESSLE, JJ., concur.