The petitioner, Lewis Cook, is now confined in the state penitentiary. He complains that his confinement is illegal and seeks to be released. To this end on May 10th he applied to the Honorable Fred Jansonius, one of the judges of the Fourth judicial district, for discharge from custody on writ of habeas corpus. This application was denied. Whereupon petitioner made original application to this court for such relief.
The facts are as follows: The petitioner, Lewis Cook, was arrested on a warrant issued out of a justice court of Cass county on a charge of bootlegging. On January 21st, 1924, the justice admitted him to *Page 195 
bail in the sum of $1,000. Pursuant to this order Cook furnished a bail bond, executed by himself and two sureties, conditioned:
"That the above named Lewis Cook will appear and answer the charge above mentioned in whatever court it may be presented and will at all times hold himself amenable to the orders and process of the court and, if convicted, will appear for judgment and render himself in execution thereof, or if he fails to perform either of these conditions that he will pay to the state of North Dakota the sum of $1,000."
Thereafter a preliminary hearing was had and Cook was held to answer to the charge at the next term of the district court. He was permitted to go at large under the bond theretofore furnished. In due time he was informed against in the district court, arraigned, tried, and convicted of the crime charged. The court fixed the time for passing of sentence as April 10th, 1924. On that date, as shown by the clerk's minutes, the following proceedings were had:
"The court now asks the defendant if he has any reason to assign, legal or otherwise, why the judgment of the court should not be pronounced at this time, and the defendant, through his counsel, asks the court to defer the passing of sentence until certain motions are made in the case, which request is denied by the court. The court now listens to the statement of defendant's counsel and of Mr. Hendrickson (for the state) and after due consideration passes the following sentence, to-wit: `The sentence of the court is that you, Lewis Cook, be confined in the state penitentiary at Bismarck for a period of eighteen months from to-day at noon, at hard labor, and that you now stand committed.' The court now orders that execution of the above sentence be stayed until the motions referred to are made and pending the appeal in the case."
A formal judgment and sentence was entered accordingly. On that same date, April 10th, Cook filed five written motions, including motions in arrest of judgment and for a new trial (presumably the motions referred to in the defendant's request to the court above noted). These motions, however, did not come on to be heard until November 18th, 1924, at which time the court took them under advisement and requested counsel on both sides to submit briefs. The motions were not finally determined until March 19th, 1925, when they were denied. Likewise, on April 10th, 1924, counsel for Cook served a notice of appeal to this court from the order denying his motions in arrest of *Page 196 
judgment and for a new trial and from the judgment of conviction. It is stipulated that Cook was not at any time taken into custody subsequent to the 21st day of January, 1924, when he furnished the bond in the justice court, but it appears from the record that on September 19th, 1924, one of the sureties on the bond of January 21st withdrew therefrom and a bench warrant was issued for the petitioner by the clerk of the district court under the seal of the court. Petitioner was arrested and brought into court on this warrant, and on that date a new bond was submitted signed by one surety, conditioned:
"That the above named _____ will appear and answer the information above mentioned and will at all times hold himself amenable to the orders and process of the court and, if convicted, will appear for judgment and render himself in execution thereof, or if he fails to perform either of these conditions that he will pay to the state of North Dakota the sum of $1,000."
Whereupon petitioner was again released from custody and remained at large and within the jurisdiction of the district court of Cass county until committed to the state penitentiary on January 8th, 1926. On September 1st, 1925, pursuant to the notice of April 10th, 1924, the record on appeal together with appellant's brief was transmitted to this court and the cause was argued here on October 8th, 1925. On November 2d 1925, an opinion was handed down affirming the judgment of conviction. See53 N.D. 429, 206 N.W. 786. On December 2d 1925, Cook petitioned for a rehearing, which petition was denied on December 21st, 1925. Thereafter the remittitur was sent down to the district court and Cook was committed to the state penitentiary on January 8th, 1926. It is to be noted that no certificate of probable cause was made or entered as provided in §§ 10,999, et seq., Comp. Laws 1913, nor was any bail put in other than as hereinbefore set out.
Petitioner strenuously insists that all that was done by the district judge in the way of ordering a stay and releasing the petitioner from custody was contrary to the statute and null and void and that, therefore, under the authority of Re Markuson,5 N.D. 180, 64 N.W. 939, the time of imprisonment under the sentence imposed began to run at noon on April 10th, 1924, and consequently the sentence has been fully executed and petitioner is entitled to his release.
We are unable to agree with the contention thus advanced. This *Page 197 
case is almost identical in its facts with the case of Anna Cook v. State, ante, 178, 208 N.W. 977. The rule followed in that case must control here and is decisive against the petitioner. It is true that in the Anna Cook case the certificate of probable cause was issued and entered. In other respects that case is identical with the instant case. We think, however, that this difference is not such as will warrant us in distinguishing the cases. The sole purpose of a certificate of probable cause is to stay the execution of a judgment of conviction pending appeal. See §§ 10,999-11001, Comp. Laws 1913; Cook v. State, supra. The district judge who tried the instant case was empowered, if he saw fit to do so, to issue a certificate of probable cause. Manifestly, he thought it proper to do so for he made his order staying the execution of the sentence. The mere fact that he failed to sign the formal certificate did not operate in any way to the prejudice of the defendant. The petitioner at all times acquiesced in the action of the court. Such action was in accordance with his interests and, while the record does not affirmatively show a request by him for the action taken, the plain implication is that he did request it. Clearly it was the action that he desired. He took advantage of that which was done by the district judge for his benefit. He availed himself of the stay. When his bondsman withdrew from the bond under which he was at large pending the disposition of his appeal, he procured and filed a new bond. Though it be conceded that this bond is defective in form and substance, nevertheless, he took advantage of it and procured his release under it. He completed his appeal to this court. On that appeal he asked for a new trial. Though his sentence had expired (according to his present contention) he petitioned for a rehearing of his case in this court. He never at any time raised any question as to the regularity of any part of the proceedings until long after the period for which he had been sentenced had expired, if the service of that sentence, as he now contends, began at noon on April 10th, 1924, and then apparently only as an afterthought. As we said in the case of Anna Cook v. State, supra: "In admitting defendant to bail the trial judge performed an act clearly within his jurisdiction. The order of the district court admitting the defendant to bail pending appeal pursuant to the continuing bond, while erroneous, was not void. In habeas corpus proceedings only jurisdictional questions can be considered. The writ *Page 198 
cannot be invoked for the purpose of reviewing the acts of courts and officers where they acted within their jurisdiction, nor for the purpose of correcting mere irregularities or errors. State ex rel. Smith v. Lee, 53 N.D. 86, 205 N.W. 314.
"Ordinarily, `suspending, staying or delaying the execution of a sentence for a reasonable time, is not ground for discharge on habeas corpus, particularly where the delay is on the application of, or caused by, the prisoner.' 29 C.J. p. 57.
"But leaving all question of remedy on one side, we are unable to see any merit in the claim of the relator that the term of imprisonment fixed by the judgment of conviction has expired. The relator was sentenced by the district court of Cass county to a term of imprisonment in the county jail of that county. At the time of such sentence she was at liberty under a certain bail bond then on file in that court. Immediately after the rendition of the judgment of conviction she appealed therefrom to the supreme court. The appeal did not stay the execution of the judgment, but the judge who presided at the trial was empowered to grant a stay. The defendant applied to the judge who presided at the trial for a stay of execution. The stay was granted; the trial judge entered a certificate of probable cause, admitted the defendant to bail and accepted a `continuing bond' then on file as a satisfactory bail bond. These acts of the trial judge were all performed, and his orders were all made, upon the application of the defendant. Whatever error the trial court committed was committed at defendant's invitation and operated to her distinct advantage and not to her prejudice. The provisions permitting a defendant in a criminal action to apply for, and obtain, a stay of execution of a sentence or imprisonment pending appeal, are for the benefit of the defendant; the provision requiring such defendant to put in bail in order to obtain such stay is for the benefit of the state. The failure on the part of the court to exact such bail from the defendant can in no event prejudice the defendant. Even on appeal a party will not be permitted to take advantage of errors which he, himself, committed or invited or induced the trial court to commit. 4 C.J. 700. `He who consents to an act is not wronged by it.' Comp. Laws 1913, § 7249. `Acquiescence in error takes away the right of objecting to it.' Comp. Laws 1913, § 7250. It is a fundamental rule of the Criminal Procedure of this state *Page 199 
that `neither a departure from the form or mode prescribed . . . in respect to any pleadings or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right.' Comp. Laws 1913, § 11,088. In this case the departure from the mode prescribed did not tend to prejudice the defendant. She was released from the imprisonment fixed by the judgment of conviction by virtue of the orders of the trial court — orders which she had requested the court to enter, and which were more favorable to her than the terms of the statute warranted." See also Re Schantz, 26 N.D. 380, 144 N.W. 445.
The writ will be denied.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.