[File No. Cr. 91.]

ANDREW J. REICHERT, Petitioner, v. CLAUDE C. TURNER, as Warden of the State Penitentiary, Respondent.

(242 N. W. 308.)

Opinion filed April 11, 1932.

*F. E. McCurdy,* for petitioner.

*James Morris,* Attorney General, *Charles Simon,* Assistant Attorney General, and *H. L. Malloy,* for respondent.

CHRISTIANSON, Ch. J.  Andrew J. Reichert has petitioned this court for a writ of habeas corpus.  It appears from the petition that an application for such writ was made to one of the judges of the district court of Burleigh county and that such application was denied.  It

further appears from the petition that on October 28, 1925, an information was filed in the district court of Dunn county charging the petitioner Reichert with the crime of attempt to commit murder in the first degree; that said petitioner Reichert entered a plea of guilty, and was thereupon sentenced to imprisonment in the state's penitentiary for a term of twenty years.

Petitioner predicates his right to the writ solely on the ground that the information filed against him on October 28, 1925, and to which he entered a plea of guilty, did not state facts sufficient to constitute a public offense, and it is asserted that, consequently, his plea of guilty did not give the court authority to impose sentence. There is no contention on behalf of the petitioner that the proceedings had in the court below were not in other respects wholly regular. It is conceded that an information in due form was filed; that said information in words charged the petitioner with the crime of attempt to commit murder in the first degree; that such information was duly verified and filed as prescribed by law and as regards form complied literally with the statutes and constitutional provisions relating to criminal informations. The sole attack upon the information is directed at the sufficiency of the statement of facts. The information charged in substance that said Reichert, on October 26, 1925, was the owner and in possession of and operating a certain automobile upon the highways of said Dunn county; that at said time and place and at the request of said Andrew J. Reichert, and by his direction, his wife, Mrs. Andrew J. Reichert, and his minor child, Adeline Reichert, were in said automobile; and that said Andrew J. Reichert then and there wilfully, unlawfully and feloniously and with premeditated design to effect the death of another, and with intent then and there to kill a human being, to-wit, Mrs. Andrew J. Reichert and her said minor child, Adeline Reichert, did remove from one of the front wheels of said automobile, a pin or stay bolt; that said automobile was thereafter started from Dunn county to Killdeer with said human beings therein; that when said automobile operated as aforesaid, reached the top or brow of a certain hill in the brakes in said Dunn county, North Dakota, in which said automobile the said Mrs. Andrew J. Reichert and Adeline Reichert were riding, said automobile was to be stopped by the driver thereof under the pretext that something had gone wrong with the car and that the

same needed to be adjusted or repaired and in the adjustment or repairing of said car the burr was to be removed from the wheel from which the stay bolt had been taken, and. the car in which said human beings were riding was to be pushed or permitted to roll backward and over the incline and down an embankment with the intent and premeditated design that said automobile would tip over and kill the said Mrs. Andrew J. Reichert and said Adeline Reichert.

Our laws provide:

"An act done with intent to commit a crime and tending but failing to effect its commission, is an attempt to commit that crime. Any person may be convicted of an attempt to commit a crime although it appears on the trial that the crime intended or attempted was perpetrated by such person in pursuance of such attempt, unless the court, in its discretion, discharges the jury and directs such person to be prosecuted for such crime." Comp. Laws 1913, § 10,337.

"Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime but fails, or is prevented or intercepted in the perpetration thereof, is punishable, when no provision is made by law for the punishment of such attempt, as follows: 1. If the offense so attempted is punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted. . . ." Comp. Laws 1913, § 10,338.

Under these statutory provisions an attempt to commit a crime has two essential elements: (1) The intent to commit some specific crime; and (2) the performance of some act tending to effect its commission. It is the contention of the petitioner here that the information to which he entered a plea of guilty, and under which he was sentenced to imprisonment, fails to show that he committed any act tending to effect the commission of the crime of murder in the first degree or any other crime and that, hence, the judgment of conviction is a nullity and the petitioner entitled to be released by writ of habeas corpus.

The information in this case in clear and specific language charges the felonious intent and premeditated design on the part of the pe-

titioner to effect the death of his wife and daughter. It further charges. that he took some steps, that is, performed some acts looking toward the consummation of his felonious intent. It charges not only. that he removed the stay bolt from one of the front wheels, but that his. said wife and child were in the automobile, at his request and by his direction, and that the automobile was started on what the petitioner had planned should be a fatal trip for his wife and daughter. It is not. a case therefore where the facts stated in the information are inconsistent with the guilt of the accused and have a tendency to show that he was not in fact guilty of the offense of which he stands convicted.

The question when a person, who has an intent to commit a crime,. and accordingly plans and prepares for its commission, passes beyond the point of planning and preparation and enters upon the execution of the criminal project, is frequently one of much difficulty.

"It is impossible to formulate a rule which will constitute an un-' erring guide in assigning to cases which occupy the debatable ground their respective places upon one side or the other of the line which separates preparation from legal attempt. The question must, from its very nature, always remain difficult of solution. The wisest course for tribunals to pursue with respect to it is to deal with each cause as it arises, in the light of a few general principles applicable to such cases." Cornwell v. Fraternal Acci. Asso. 6 N. D. 201–203, 69 N. W. 191, 4 L.R.A. 437, 66 Am. St. Rep. 601.

The authorities are by no means agreed as to when an act is merely an incident in preparation and planning and when it passes beyond that point and can be said to be an overt act tending to effect the commission of the crime that had been planned. Under the holdings of some of the courts the acts which the information in this case charges that the defendant had committed, would constitute overt acts tending to effect the commission of murder in the first degree. Under the holdings of other courts the acts might be said to constitute only incidents in preparation and planning and not overt acts tending to effect the commission of the crime which had been planned.

Reports of the adjudicated cases disclose that the question, whether an act is an overt act tending to effect the commission of the crime or merely an incident in planning and preparation, has generally been raised by objections to the sufficiency of the evidence to sustain the

conviction. In every case the question was raised in the trial court and came before the appellate court on some appropriate proceeding for review of errors claimed to have been committed in the court below. No case has been called to our attention, and we have been able to find none, wherein it has been sought to have such question reviewed on habeas corpus. And we are all agreed that it is not so reviewable. The writ of habeas corpus cannot be utilized as a substitute for an appeal or writ of error. State v. Floyd, 22 N. D. 183, 132 N. W. 662; State ex rel. Temple v. Barnes, 22 N. D. 18, 132 N. W. 215, 37 L.R.A.(N.S.) 114, Ann. Cas. 1913E, 930; State ex rel. Smith v. Lee, 53 N. D. 86, 205 N. W. 314; Cook v. State, 54 N. D. 178, 208 N. W. 977; Re Cook, 54 N. D. 193, 209 N. W. 231; Comp. Laws 1913, §§ 11,360, 11,373; Church, Habeas Corpus, 2d ed. §§ 363 et seq.; Ex parte Parks, 93 U. S. 23, 23 L. ed. 788; Ex parte Yarbrough, 110 U. S. 651, 28 L. ed. 274, 4 S. Ct. 152; Ex parte Coy, 127 U. S. 731, 32 L. ed. 274, 8 S. Ct. 1263; Re Gregory, 219 U. S. 210, 55 L. ed. 184, 31 S. Ct. 143.

On habeas corpus the inquiry is limited to questions of jurisdiction; and the writ cannot be invoked for the purpose of reviewing the correctness of the acts of a court that was acting within its jurisdiction. State ex rel. Smith v. Lee, 53 N. D. 86, 205 N. W. 314, supra; Cook v. State, 54 N. D. 178, 208 N. W. 977; Re Cook, 54 N. D. 193, 209 N. W. 231; Comp. Laws 1913, §§ 11,360, 11,373; Church, Habeas Corpus, 2d ed. §§ 363 et seq.

" 'To have jurisdiction is to have power to inquire into the facts and apply the law.' . . .

"A court has jurisdiction of the cause when the laws of the sovereignty in which the tribunal exists grants it power over the subject-matter and to adjudge concerning the general question involved. Bouvier's Law Dict.; Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129. . . . When a court has jurisdiction of a cause and of the parties, it does not lose jurisdiction because it makes a mistake in determining either the facts or the law or both. Jurisdiction does not depend upon the correctness of the decision made. People ex rel. Raymond v. Talmadge, 194 Ill. 67, 61 N. E. 1050; Sherer v. Superior Ct. 96 Cal. 653, 31 Pac. 565. The United States Supreme Court has said that the jurisdiction of the court can never depend upon its decision upon the

merits of the case brought before it, but upon its right to hear and decide it at all (Ex parte Watkins, 7 Pet. 568, 572, 8 L. ed. 786, 788); that 'jurisdiction is authority to decide the case either way.' The Fair v. Kohler Die & Specialty Co. 228 U. S. 22, 25, 57 L. ed. 716, 717, 33 S. Ct. 410. Other courts have said: 'Jurisdiction is the power to hear and determine a cause, and carries with it the power to decide a cause within the jurisdiction of the court incorrectly as well as correctly, and it does not relate to the rights of the parties, but to the power of the court.' Dahlgren v. Superior Ct. 8 Cal. App. 622, 97 Pac. 681. 'The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong.' Lake County v. Platt (C. C. A. 8th) 79 Fed. 567. 'Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the abstract question. Nor is this jurisdiction limited to making the correct decisions. It empowers the court to determine every issue within the scope of its authority, according to its own view of the law and the evidence, whether its decision is right or wrong.' Foltz v. St. Louis & S. F. R. Co. (C. C. A. 8th) 60 Fed. 316." Christenson v. Grandy, 46 N. D. 418, 427, 180 N. W. 18.

In this case the district court of Dunn county acted within its jurisdiction. It had jurisdiction of the person of the defendant, and of the subject-matter, that is, of the offense with which the petitioner was charged. It also had authority to render the particular judgment, that is, it had authority to sentence a person found guilty of the crime of attempt to commit murder in the first degree to imprisonment in the state's penitentiary for a certain number of years.

It was the duty of the district court of Dunn county to determine whether the facts set forth in the information were sufficient to constitute the crime charged. It was vested with unquestioned power to determine that question. If it committed error in making its determination such error did not render the determination an act outside of its jurisdiction. On the contrary, it was merely an error or mistake

in the exercise of, and within, its jurisdiction and cannot be re-examined on habeas corpus. Ex parte Yarbrough, 110 U. S. 651, 28 L. ed. 274, 4 S. Ct. 152; Re Eckart, 166 U. S. 481, 41 L. ed. 1085, 17 S. Ct. 638; Dimmick v. Tompkins, 194 U. S. 540, 48 L. ed. 1110, 24 S. Ct. 780; Re Gregory, 219 U. S. 210, 55 L. ed. 184, 31 S. Ct. 143; Ex parte Parks, 93 U. S. 18, 23 L. ed. 787; Re Coy, 127 U. S. 731, 32 L. ed. 274, 8 S. Ct. 1263. See also Ex parte Watkins, 3 Pet. 193, 7 L. ed. 650; Hyde v. Shine, 199 U. S. 62, 50 L. ed. 90, 25 S. Ct. 760; Kaizo v. Henry, 211 U. S. 146, 53 L. ed. 125, 29 S. Ct. 41; Storti v. Massachusetts, 183 U. S. 138, 46 L. ed. 120, 22 S. Ct. 72; Re Kavanaugh, 180 Cal. 181, 180 Pac. 533; State ex rel. Smith v. Lee, 53 N. D. 86, 205 N. W. 314, supra.

The precise question involved here has been considered and determined by the Supreme Court of the United States in several cases. In Ex parte Yarbrough, 110 U. S. 651, 28 L. ed. 274, 4 S. Ct. 152, the court said:

"It is . . . well settled that when a prisoner is held under the sentence of any court of the United States in regard to a matter wholly beyond or without the jurisdiction of that court, it is not only within the authority of the Supreme Court but it is its duty to inquire into the cause of commitment when the matter is properly brought to its attention, and if found to be as charged, a matter of which such court had no jurisdiction, to discharge the prisoner from confinement. . . .

"It is, however, to be carefully observed that this latter principle does not authorize the court to convert the writ of habeas corpus into a writ of error, by which the errors of law committed by the court that passed the sentence can be reviewed here; for if that court had jurisdiction of the party and of the offense for which he was tried and has not exceeded its powers in the sentence which it pronounced, this court can inquire no further.

"This principle disposes of the argument made before us on the insufficiency of the indictments under which the prisoners in this case were tried.

"Whether the indictment sets forth, in comprehensive terms, the offense which the statute describes and forbids and for which it prescribes a punishment, is in every case a question of law which must

necessarily be decided by the court in which the case originates and is, therefore, clearly, within its jurisdiction.

"Its decision on the conformity of the indictment to the provisions of the statute may be erroneous, but if so it is an error of law made by a court acting within its jurisdiction, which could be corrected on a writ of error if such writ was allowed, but which cannot be looked into on a writ of habeas corpus limited to an inquiry into the existence of jurisdiction on the part of that court."

In Re Eckart, 166 U. S. 481, 41 L. ed. 1085, 17 S. Ct. 638, it was said:

"In this class of cases it has been held that a trial court possessing general jurisdiction of the class of offenses within which is embraced the crime sought to be set forth in the indictment is possessed of authority to determine the sufficiency of an indictment, and that in adjudging it to be valid and sufficient acts within its jurisdiction, and a conviction and judgment thereunder cannot be questioned on habeas corpus, because of a lack of certainty or other defect in the statement in the indictment of the facts averred to constitute a crime."

The principle was re-affirmed in Re Gregory, 219 U. S. 210, 55 L. ed. 184, 31 S. Ct. 143, in an opinion written by the present Chief Justice Hughes. The court said:

"A habeas corpus proceeding cannot be made to perform the function of a writ of error, and we are not concerned with the question whether the information was sufficient, or whether the acts set forth in the agreed statement constituted a crime, that is to say, whether the court properly applied the law, if it be found that the court had jurisdiction to try the issues and to render the judgment." . . .

"In hearing this application, this court does not sit to review the correctness of the conclusion of the police court as to the violation of the statute by the petitioner, or of the decision of the court of appeals of the District as to the sufficiency of the information filed against him. The question here is not one of guilt or innocence, but simply whether the court below had jurisdiction to try the issues. And as we find that the statute conferred that jurisdiction, the application for a writ of habeas corpus must be denied."

It follows from what has been said that the application for a writ of habeas corpus must be denied. It is so ordered.

Burr, Burke, Birdzell and Nuessle, JJ., concur.